*298
 
 Cooke, J.
 

 On August 2, 1969, Barry M. Katcher, while operating a motorcycle owned by him and insured by appellant Public Service Mutual Insurance Company, was involved in an accident with an uninsured automobile at Rockaway Freeway and Beach 102nd Street, Rockaway, New York. The Public Service policy contained the required New York Automobile Accident Indemnification Endorsement (hereinafter referred to as the endorsement) with the prescribed statutory coverage for bodily injury of $10,000 per person. At the time of the accident, Katcher also owned a Buick automobile which was insured by respondent Royal-Globe Insurance Company under a family automobile insurance policy with the same endorsement in the prescribed amount. Additionally, both policies contained a portion designated as Part IV, captioned Protection Against Uninsured Motorists. The facts are not in dispute.
 

 Katcher, defined as the insured under the endorsement in each policy, made demand for arbitration against both Public Service and Royal-Globe, stating that the amount claimed was $10,000. Both companies moved to stay arbitration and for determination of their respective liabilities. Special Term denied the stay and held that Public Service and Royal-Globe were, based upon the endorsement found in each policy, coinsurers with regard to Katcher’s claim. In turn, the Appellate Division modified, on the law, by staying arbitration against Royal-Globe and by holding that Royal-Globe’s policy affords no coverage to Katcher and that the sole coverage is provided by Public Service.
 

 The Appellate Division concluded that no coverage is to be found under the Royal-Globe policy because of an exclusion clause contained in said Part IV. A reading of the policy, however, indicates that Part IV and, therefore, the exclusion contained therein, are not applicable under the facts of this
 
 *299
 
 case. Whereas the endorsement provides coverage for accidents involving uninsured motor vehicles occurring in New York, Part IV provides similar coverage but exclusively for accidents occurring elsewhere. This dichotomy is set forth in the Royal-Globe policy’s "A-701” clause entitled "Limitation of Protection Against Uninsured Motorists Coverage” wherein:
 
 "It is agreed that such insurance as is afforded by the policy
 
 or by any endorsement used therewith,
 
 otlier than the New York Automobile Accident Indemnification Coverage,
 
 with respect to damages which the insured shall become legally entitled to recover from the owner or operator of an uninsured automobile,
 
 does not apply to any accident occurring within the State of New York. ”
 
 (Emphasis supplied.)
 

 The New York Automobile Accident Indemnification Endorsement which, according to its terms, "applies only to accidents which occur within the State of New York” (see
 
 Matter of Sentry Ins. Co. [Amsel]
 
 36 NY2d 291) has been required in this State since July 1, 1965 (L. 1965, ch. 322). Under the provisions of the 1965 statute, each insurer undertakes the duties and liabilities formerly assumed by MVAIC and similarly collects the additional premium for the endorsement (Insurance Law, §§ 605, 167, subd 2-a; see
 
 Matter of Knickerbocker Ins. Co. [Faison],
 
 22 NY2d 554, 558).
 

 Pursuant to this endorsement, both insurers agreed to pay: "all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury * * * sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile”. The endorsement contains an "Other Insurance” clause, which in pertinent part, provides that: "if the Insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.”
 

 Applying these relevant provisions to the facts herein, the correct result is that reached by the Supreme Court, New York County. Public Service and Royal-Globe are coinsurers with regard to Katcher’s claim and, as the limits of both
 
 *300
 
 policies are identical, both must contribute equally to the sum to be determined at arbitration.
 

 The order of the Appellate Division should be reversed and that of the Supreme Court, New York County reinstated, with costs.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
 

 Order reversed, etc.