**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**MFA MUTUAL INSURANCE COMPANY, Respondent.**

**No. 65397.**

Supreme Court of Missouri,
En Banc.

June 19, 1984.

Ben Ely, Jr., Mark M. Stewart, St. Louis, for appellant.

James E. Godfrey, Samuel T. Vandover, St. Louis, for respondent.

BLACKMAR, Judge.

On May 24, 1980, Dallas Buchanan, a passenger in a vehicle owned by Richard Tuder, was injured in a collision with an uninsured motor vehicle in Monroe County, Illinois. Tuder was insured against liability by plaintiff-appellant State Farm, while Buchanan carried separate liability insurance policies with defendant-respondent MFA insuring his two automobiles. Each of the three insurance policies contained uninsured motorist coverage in the amount of $10,000 as required by the statute then in force, § 379.203, RSMo 1978.

State Farm settled with Buchanan for $9,700 and then brought suit against MFA seeking a declaration that MFA was required to contribute two-thirds of the settlement. It relied on *Midwest Mutual Insurance Company v. Aetna Casualty & Surety Company*, 565 S.W.2d 711 (Mo. App.1978). MFA argued that Illinois law applied because the accident occurred in Illinois, the uninsured motorist resided in Illinois, and the uninsured vehicle was registered in Illinois. It is apparently conceded that Illinois would not recognize a claim such as State Farm had presented. The

trial court found this argument persuasive and dismissed State Farm's claim.

The Court of Appeals, Eastern District affirmed, but on a basis wholly different from that which was briefed and argued. It found that its own opinion in *Automobile Club Inter-Insurance Exchange v. Farmers Insurance Company*, 646 S.W.2d 838 (Mo.App.1982) controlled. We granted transfer because of the conflict between *Midwest Mutual* and the result reached by the Court of Appeals in this case.[1] We reverse and remand for further proceedings.

I.

■ Missouri law, rather than Illinois law, clearly applies.[2] The respondent, MFA, argues that the more "significant contacts" are found in Illinois. Even if this analysis is appropriate, however, the question is not so much one of the number of contacts but rather of their relative significance. This case involves contractual provisions mandated by Missouri statute. The public policy underlying the statute is strong. *Cano v. Travelers Insurance Company*, 656 S.W.2d 266 (Mo.banc 1983); *Hines v. Government Employees Insurance Company*, 656 S.W.2d 262 (Mo.banc 1983); *Cameron Mutual Insurance Company v. Madden*, 533 S.W.2d 538 (Mo.banc 1976). It would be strange indeed if contract obligations imposed by law would change whenever a state line is crossed. In *Kennedy v. Dixon*, 439 S.W.2d 173 (Mo. banc 1969), we held that the Indiana guest statute should not be applied to limit the liability of a driver residing in Missouri to a guest in his automobile who was also a Missouri resident. The reasons for applying Missouri law in this case are much stronger than in *Kennedy*. Contract and tort analyses yield the same result. *See*

1. Our task has been made more difficult because neither party has favored us with a supplemental brief responding to the issue which was not briefed by either, but which the court of appeals found to be controlling. The unsuccessful party, in particular, should have given us the benefit of suggestions based on the Court of Appeals' opinion.

2. All three of the insurance policies were negotiated and entered into in Missouri. Performance, as it relates to liability under the uninsured motorist coverage of the policies, is mandated by Missouri law. The insured vehicles, are registered in Missouri. Buchanan, Tuder and MFA are all Missouri residents.

Restatement (Second) of Conflict of Laws, § 188, 145.

## II.

■ Both parties appear to have modified their initial positions. The respondent initially assumed that *Midwest Mutual* was controlling and conceded in its brief that "[i]f Missouri law applies to this controversy appellant would be entitled to reimbursement of two-thirds of the sum of $9,700 from Respondent." The Respondent, however, cited the intervening *Auto Club* decision to the Court of Appeals, and now asserts that one uninsured motorist carrier has no right of contribution against another. It argues, soundly, that its liability is dependent upon a showing that the uninsured motorist was negligent, and goes on to assert that, rather than being bound by another insurer's decision, it is entitled to a jury trial on the issue of negligence. MFA is perfectly entitled to advance its position, in the present posture of the case, without being prejudiced on account of its earlier concession.

Appellant State Farm does not now argue for an absolute right of contribution, simply because of its settlement payment, and concedes that it should have some burden of demonstrating that the settlement was reasonable. We proceed, then, to the decision of the issues tendered by the parties in their most recent submissions.

*Auto Club* is clearly distinguishable. There a passenger in an uninsured vehicle was injured in a collision with an insured vehicle. The insurer of the driver of the other car settled with the passenger for $20,000, and then sought contribution from the passenger's uninsured motorist carrier based on the proportional negligence which might be found to be attributable to the uninsured host driver. The Court of Appeals rejected the claim for contribution, holding that, in order to support a claim for contribution, "both parties must be under a common liability" and that the right of contribution existed only between joint tortfeasors. The case involved a claim by one insurer which had settled a liability claim, against another insurer whose uninsured coverage would have been available to the injured passenger had the settlement not been made. We are not called upon to approve or disapprove this holding, but simply point out that it involves a problem different from the one before us.

We believe that *Midwest Mutual*, with the modifications indicated below, represents an approach which is sound and consistent with the policy of our law. Uninsured motorist coverage, as has been pointed out, is required in every Missouri automobile liability policy. Policy provisions designed to limit a particular carrier's coverage are strictly construed against the insurer and frequently found to be invalid. *Cameron Mutual Insurance Company v. Madden, supra; Steinhaeufel v. Reliance Insurance Companies*, 495 S.W.2d 463 (Mo.App.1973); *Webb v. State Farm Mutual Automobile Insurance Company*, 479 S.W.2d 148 (Mo.App.1972). There are often, then, several layers, or "stacks," of coverage which must respond to the same injury. The "common liability" absent in *Auto Club* is present here. If the various insurers operate in complete isolation, the policy of the law in providing protection to the victims of uninsured motorists will be impeded.

Cases from other jurisdictions lend support to our holding. In *Allstate Insurance Company v. Dairyland Insurance Company*, 271 So.2d 457 (Fla.1972), the court held that an insurance company which had demanded arbitration in accordance with local law and which had then settled the claim was entitled to contribution from another uninsured motorist carrier which also covered the claim, and which apparently had declined to participate in the arbitration. The court relied on its own decision in *Sellers v. United States Fidelity & Guaranty Company*, 185 So.2d 689 (Fla. 1966), which held that the insurers involved in the several layers of coverage were obliged to contribute pro rata to a loss which was below the combined limits of the several policies. *Public Service Mutual Insurance Company v. Katcher*, 36 N.Y.2d 295,

367 N.Y.S.2d 752, 327 N.E.2d 799 (1975), also holds that the several insurers are liable pro rata and that policy provisions providing the contrary will not be given effect. This is consistent with *Steinhaeufel v. Reliance Insurance Co., supra.*

■ An uninsured motorist carrier suing another for contribution must first show that it has obtained a release which discharges the defendant carrier from liability. Counsel for State Farm asserted at oral argument that a sufficient release had been obtained, while counsel for MFA disclaimed knowledge. The fact issue may be resolved on remand.

Even so, the right to contribution is not absolute. The settling carrier must meet a test of reasonableness. In determining this issue the trier of the fact may consider the proportion of the total coverage afforded by the settling carrier, the presence or absence of notice to other carriers, and the discussions among the carriers, in addition to the evaluation of liability and damage issues.

If the reasonableness test is met, then the defendant carrier is not necessarily entitled to an independent determination of its liability to the claimant.[3] Under Missouri law, which expresses a strong public policy, situations will often arise in which different carriers are jointly liable for the same uninsured motorist coverage. We agree with the observations of the Supreme Court of Florida in *Sellers v. United Fidelity and Guaranty Company, supra,* about the problem faced by accident victims in negotiating with several carriers. Settlements are favored in the law and we opt for a solution which encourages the insurers to work together in trying to achieve settlement.

The parties submitted the case to the trial court on a stipulation, but may consider that it is now necessary to offer additional evidence. They are of course free to do so on remand.

3. *MFA Mutual Insurance Company v. American Family Mutual Insurance Company,* 654 S.W.2d 230 (Mo.App.1983), in which two carriers settled but a third one successfully established its con-

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

All concur.

tention that it was not obliged to afford an additional layer of primary coverage, is clearly distinguishable.