**George David SOUTH, et al., Plaintiffs-Appellants,**

v.

**AMERICAN INTERINSURANCE EX-CHANGE, Defendant-Respondent.**

**No. WD 38927.**

Missouri Court of Appeals, Western District.

Oct. 27, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 29, 1987.

Application to Transfer Denied Feb. 17, 1988.

William H. Pickett, Michael L. Wilson, Kansas City, for plaintiffs-appellants.

Paul V. Herbers, Barbara B. Davydov, Cooling & Herbers, Kansas City, for defendant-respondent.

Before TURNAGE, P.J., and BERREY and GAITAN, JJ.

TURNAGE, Presiding Judge.

George South and Dixie South brought suit for damages for the death of their daughter, Vickie Rene, as a result of the negligence of an uninsured motorist. The trial court held that Iowa law applied and that the insurance policies prohibited stacking of the uninsured motorist coverage. On this appeal, the parents contend that stacking should be allowed because Missouri law applies. Affirmed.

In May of 1983, Vickie was riding as a passenger on a motorcycle operated by Ben Kent in Clay County, Missouri. The motorcycle was struck by an automobile driven by an uninsured motorist. This appeal involves four insurance policies issued by American Interinsurance Exchange. Each of those policies contained uninsured motorist coverage in the amount of $20,000 per person. Each policy contained the following provisions:

7. Other Insurance: With respect to bodily injury to an insured while occupying an automobile not owned by the principal named insured, the insurance under this endorsement shall apply only as excess insurance over any other similar insurance available to such insured and

applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

All four policies were issued in Iowa and covered vehicles which were principally garaged in Iowa. The insured in two of the policies was George South, who was a resident of Iowa at the time the policies were issued, and the vehicles insured were registered in Iowa. The insured in the other two policies was Ben Kent, who was a resident of Iowa at the time the policies were issued, and the vehicles insured were garaged in Iowa.

A jury trial was held resulting in a verdict in favor of the parents and against the uninsured motorist in the amount of $230,-000. The verdict was also in favor of the parents and against American Interinsurance Exchange, but, pursuant to the direction of Committee Comment to MAI 36.-13 (1980 Revision), the jury was not instructed to assess damages against American. The court entered judgment against American Interinsurance Exchange in the amount of $20,000 as a matter of contract law.

The court made extensive findings of fact and found that Iowa law should be applied. The court found that Iowa law allowed policy provisions which prevented stacking of uninsured motorist coverage and held that $20,000, which was provided by the policy covering the motorcycle on which Vickie was riding, was the total amount payable on the four policies.

■ The parents first contend that the court erred when it applied Iowa law instead of Missouri law. In *State Farm Mutual Automobile Insurance Co. v. MFA Mutual Insurance Co.*, 671 S.W.2d 276 (Mo. banc 1984), the court had almost the same facts except in reverse fashion. There, Missouri residents who had purchased uninsured motorist policies in Missouri on vehicles registered in Missouri were involved in an accident with an uninsured motorist in Illinois. The uninsured motorist was a resident of Illinois, and his

vehicle was registered in that state. The court held that Missouri law rather than Illinois law clearly applied. 671 S.W.2d at 277[1]. The court stated that the case involved contractual provisions mandated by Missouri statute. The court further stated that "[i]t would be strange indeed if contract obligations imposed by law would change whenever a state line is crossed." *Id.* The court found that even after the "significant contacts" test was applied it would yield the same result.

Since virtually the same facts are present in this case, *State Farm Mutual* requires a finding that Iowa law applies. The reasons stated supporting the result in *State Farm Mutual* dictate the result reached by the trial court in this case.

■ The parents further contend that even if Iowa law applies the prohibition against stacking contained in the policies involved is prohibited by Iowa statute. This contention is refuted by the Iowa decisions. In *McClure v. Employers Mutual Casualty Co.*, 238 N.W.2d 321 (Ia.1976), the court held that a provision in a policy identical to the provision set out above was valid and effectively prevented the stacking of uninsured motorist coverage. 238 N.W.2d at 326[1]. However, the parents further contend that even if *McClure* approved of the inclusion of anti-stacking provisions in policies that an amendment to § 516A.2 of the Iowa Statute in 1981 prohibits anti-stacking provisions. That contention was answered in *Tri-State Insurance Company of Minnesota v. DeGooyer,* 379 N.W.2d 16 (Ia.1985). In *Tri-State,* the court noted that it had previously approved limitations that prevent stacking of uninsured motorist coverage in *McClure.* The court considered the amendment to § 516A.2 and decided that policy provisions which prevented stacking of uninsured motorist coverage were still permissible. 379 N.W.2d at 19.

The policy covering the motorcycle on which Vickie was riding provided for $20,-000 in uninsured motorist coverage, and the other three policies each provided $20,-000 for such coverage. The policy applicable to the motorcycle on which she was

riding was the primary insurance and the coverage provided in that policy did not exceed the limit of coverage in the other policies. Therefore, the only coverage applicable to Vickie at the time of the accident was $20,000 in uninsured motorist protection. The court entered judgment for that amount against American Interinsurance Exchange.

The judgment is affirmed.

All concur.