James A. MARKWAY and Barbara
Markway, Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
INC., Respondent.

No. WD 43049.

Missouri Court of Appeals,
Western District.

Sept. 25, 1990.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Oct. 30, 1990.

Application to Transfer Denied
Dec. 18, 1990.

Edmund T. Shine, Kansas City, for appellants.

Russell C. Ashley, Deacy & Deacy, Kansas City, for respondent.

Before LOWENSTEIN, J., Presiding, and FENNER and ULRICH, JJ.

ULRICH, Judge.

James A. and Barbara Markway, husband and wife, filed suit to compel payment of uninsured motorist benefits in each of four policies issued to them by State Farm Mutual Automobile Insurance Company (State Farm), and State Farm counterclaimed for declaratory judgment. Mr. and Mrs. Markway appeal from summary judgment entered for State Farm on its declaratory judgment counterclaim. The judgment is affirmed.

The Markways assert two points on appeal. As their first point, they contest the court's enforcement of provisions in each of the four insurance policies. One provision precludes amassing ("stacking") the four policies' uninsured motorist benefits. The Markways also contest the provisions in each of the policies permitting State Farm to "offset" sums paid to Mr. Markway as workers' compensation benefits against uninsured motorist coverage benefits. These contested provisions conform to Kansas law. Missouri law, they contend, precludes "anti-stacking" of uninsured motorist benefits and precludes offsetting uninsured motorist coverage benefits in the sum of workers' compensation benefits paid. The Markways, as their second point, assert that certain provisions of the insurance policies conflict and that they are entitled to recover the total uninsured motorist benefit of at least one policy even if Kansas law applies.

On September 18, 1986, Mr. Markway, an employee of Allied Corporation located in Kansas City, Missouri, parked his automobile in an employee parking lot. As he walked across the parking lot, he was struck and severely injured by an automobile driven by Robert Powell, Jr. Mr. Powell was then an uninsured motorist driving an uninsured motor vehicle.

Mr. and Mrs. Markway filed a claim with State Farm. The Markways had contracted with State Farm for coverage in four separate automobile insurance policies. The Markways lived in Kansas when they and State Farm contracted for State Farm to insure four vehicles. The Markways also lived in Kansas when the accident occurred. Each policy contained an uninsured motorist provision, and each policy

provided for payment up to $50,000 for injuries caused by an uninsured motorist.

Mr. Markway also filed a claim with his employer's workers' compensation carrier and the Missouri Division of Workers' Compensation. The workers' compensation claim resulted in payment of medical bills by Mr. Markway's employer's carrier in the sum of $48,828 and permanent partial disability payments totaling $25,000.

On April 27, 1987, Mr. and Mrs. Markway filed suit against State Farm and Mr. Powell. They dismissed their suit without prejudice against Mr. Powell because of his discharge in bankruptcy. State Farm filed a counterclaim for declaratory judgment, and both parties filed motions for summary judgment on their claims. The court granted State Farm's motion.

Mr. and Mrs. Markway contend that Missouri law, and not Kansas law, applies to the four insurance policies. Each of the four insurance policies includes uninsured motorist anti-stacking provisions in conformance with Kansas law. Kansas law precludes stacking the benefits of separate uninsured motorist insurance policies. Kan.Stat.Ann. § 40–284 (1986). However, Missouri law voids uninsured motorist benefit antistacking provisions. *Shepherd v. American States Ins. Co.*, 671 S.W.2d 777, 778–780 (Mo. banc 1984); *Bergtholdt v. Farmers Ins. Co., Inc.*, 691 S.W.2d 357, 359 (Mo.App.1985). Thus, if Missouri law is applicable, the maximum amount recoverable by Mr. and Mrs. Markway under the four insurance policies is $200,000 or $50,000 under each of the four policies. If Kansas law is applicable, the maximum amount of recovery is $50,000, the amount of uninsured motorist coverage provided in any one of the four insurance contracts.

An additional benefit is realized by Mr. and Mrs. Markway if Missouri law is applicable and voids another of the policies' contested provisions. Each of the four insurance policies provides that amounts payable pursuant to the policies' uninsured motorist provisions would be offset by amounts received by the claimant from workers' compensation carriers for injuries caused by uninsured motorists. Unlike Kansas law, which permits such setoff, Missouri law voids contract provisions attempting to require such setoff.

Mr. and Mrs. Markway argue that a choice of law problem is presented. "A real choice of law problem is presented when the contacts of both states with the event are sufficient under the Federal Constitution to permit each state's law to be applied." *Hicks v. Graves Truck Lines, Inc.*, 707 S.W.2d 439, 443 (Mo.App.1986) (citing Leflar, *American Conflicts Law*, § 93 (3rd Ed.1977)). They cite *Hicks* as authority requiring application of the doctrine of comparative impairment to resolve the choice of law issue. This doctrine compares the interests of the affected states to determine which state's interests would be more impaired if its policy were not applied. *Hicks*, 707 S.W.2d at 444. In *Hicks*, a two-vehicle automobile accident occurred in Kansas. The parties in *Hicks* included a Missouri resident automobile owner, as a third party, a Missouri resident automobile driver, a Kansas truck owner, a Kansas corporation trucking company licensed and admitted to do business in Missouri, and a Missouri resident truck driver. The case was submitted to the jury using Kansas pattern instructions. These instructions included a comparative fault instruction based upon the Kansas statute providing a system of modified comparative fault. Kansas law permitted a plaintiff to recover damages only if his degree of negligence was less than that of the defendant. Missouri law permits recovery to a negligent plaintiff even if the jury determines the plaintiff more negligent than the defendant.

The court in *Hicks* concluded that Missouri law should have been applied since significant Missouri interests are impaired if the Kansas modified comparative fault doctrine is applied to deny any ratable damage recovery to Missouri claimants who sue in Missouri courts. The court in *Hicks* also concluded that Kansas interests are not greatly impaired if Missouri comparative fault law is applied to Missouri claimants who sue in Missouri courts. Finally, the court recognized that Kansas residents

become subject to the Missouri comparative fault rule only by conduct subjecting them to the jurisdiction of Missouri courts. *Hicks*, 707 S.W.2d at 444–45.

Mr. and Mrs. Markway emphasize the Missouri connections in their case. They advocate that Missouri connections equate to significant Missouri interests which are impaired if Kansas law is applied. Although the Markways resided in Kansas for ten years preceding the date of the accident, each of the motor vehicles they owned was insured under the policies issued in Kansas by State Farm, the vehicles bore Kansas license plates and were titled in Kansas, the Markways emphasize that the accident occurred in Missouri, one of the automobiles was garaged in Missouri for at least forty hours a week, and the insurance contract renewal notices for each of the four policies sent to the Markways by State Farm were posted in Columbia, Missouri. They also emphasize that the premium payments for the four policies were received by the insurance company at its regional office in Columbia, Missouri, and deposited into a Missouri bank, and the policies of insurance identify the insurance company's Missouri–Kansas office address as Columbia, Missouri.

State Farm contends that the applicable law is expressed in *South v. American Interinsurance Exchange*, 743 S.W.2d 421 (Mo.App.1987). In *South*, the parents of a daughter killed in a motorcycle accident sued an uninsured motorist. Four insurance policies had been issued by American Interinsurance Exchange, and each contained uninsured motorist coverage in the amount of $20,000 per person. Each policy contained an anti-stacking provision. The four insurance policies were issued in Iowa for vehicles registered and principally garaged in Iowa. The decedent's father was insured in two of the policies, and he was a resident of Iowa at the time the policies were issued. The insured in the other two policies was also a resident of Iowa at the time the policies were issued, and the vehicles insured by these two policies were also garaged in Iowa. *South*, 743 S.W.2d at 421–22.

Iowa law allowed policy provisions which prevented stacking of uninsured motorist coverage benefits. In *South*, the anti-stacking provisions in the four policies restricted total recovery under the policies to $20,000. The *South* court, following the rule expressed in *State Farm Mutual Automobile Ins. Co. v. MFA Mutual Ins. Co.*, 671 S.W.2d 276 (Mo. banc 1984), stated that the case involved contractual provisions and that "[i]t would be strange indeed if contract obligations imposed by law would change whenever a state line is crossed." *South*, 743 S.W.2d at 422.

Like *South*, and unlike *Hicks*, the Markways' case involves insurance contracts which contain uninsured motorist coverage benefit anti-stacking provisions mandated by state law. Each of four policies issued to the Markways contains the following provision:

1. If the insured sustains bodily injury as a pedestrian and other uninsured motor vehicle coverage applies:

    (a) The total limits of liability under all such coverages shall not exceed that of the coverage with the highest limit of liability; ....

The provision reflects Kan.Stat.Ann. § 40–284(d) (1986) which provides:

(d) Coverage under the policy shall be limited to the extent that the total limits available cannot exceed the highest limits of any single applicable policy, regardless of the number of policies involved, persons covered, claims made, vehicles or premiums shown on the policy or premiums paid or vehicles involved in an accident.

Thus, like *South* and its predecessor *State Farm Mutual Automobile Ins. Co. v. MFA Mutual Ins. Co.*, the insurance policy provisions limiting uninsured motorist coverage benefits under the Markways' four policies were mandated by the law of the state where the contract between the insured and insurer was made. Contractual obligations imposed by law are not changed whenever a state line is crossed. *South*, 743 S.W.2d at 422. The anti-stacking provisions of the insurance contracts between

**150**

Mr. and Mrs. Markway and State Farm are valid.

■ Mr. and Mrs. Markway next contend that insurance policy provisions which purport to reduce uninsured motorist benefits paid under the policy by the amount received by the insured as workers' compensation benefits for the same injuries violates Missouri public policy. They rely on *Cano v. Travelers Ins. Co.,* 656 S.W.2d 266 (Mo. banc 1983). Thus, contend the Markways, State Farm is not entitled to a setoff for the workers' compensation benefits received by Mr. Markway as a result of the accident.

In *Cano,* Travelers Insurance Company maintained that it was entitled to offset the workers' compensation payments received by the insured for the same injuries constituting the basis for the claim under the uninsured motorist provision of the insurance policy. The Traveler's insurance policy contained the following:

2. Any amount payable under the terms of this insurance because of bodily injury sustained in an accident by a person who is an Insured under this insurance shall be reduced by:

\*   \*   \*   \*   \*   \*

(b) The amount paid and the present value of all amounts payable on account of such bodily injury under any Worker's Compensation law, disability benefits law or any similar law.

*Cano,* 656 S.W.2d at 269–70. The Missouri Supreme Court held that § 379.203, RSMo 1978, which mandates insurance coverage in the amounts required by the Safety Responsibility Law, prohibits diminishing coverage by contractual limitation, absent express statutory authority. *Id.* The court, quoting *Douthet v. State Farm Mutual Automobile Insurance Co.,* 546 S.W.2d 156 (Mo. banc 1977), said, "[i]t would violate the public policy expressed in § 379.203 to permit diminution of coverage by requiring credit for workmen's compensation payments." *Id.* The court held that "the policy language ... reducing the uninsured motorist liability by the amount of workers' compensation benefits, was ineffective because of the public policy implicit

in § 379.203...." *Id.* Travelers was not permitted to offset the workers' compensation benefits paid against its liability under the uninsured motorist coverage.

In this case, each of the four insurance policies issued to the Markways contained a provision as follows:

3. Any amount payable under this coverage shall be reduced by any amount paid or payable for the same damages to or for the insured:

\*   \*   \*   \*   \*   \*

(b) Under any workman's compensation law.

In addition to this language in each of the policies, Kan.Stat.Ann. § 40–284(e)(4) (1986) provides in part:

(e) any insurer may provide for the exclusion or limitation of coverage:

\*   \*   \*   \*   \*   \*

(4) to the extent that workers' compensation benefits apply; ....

The insurance contracts between the Markways and State Farm were made in Kansas and comply with Kansas law. Section 40–284(e)(4) and the policy of the State of Kansas expressed therein authorize diminished coverage by contractual limitation to the extent workers' compensation benefits apply. *Cano* and *Douthet* addressed insurance contracts made in Missouri where diminished coverage by contractual limitation is not statutorily authorized and thus violates Missouri policy. For the reasons expressed above, *South* requires that Kansas law be applied and the provisions of the insurance policies providing for setoff are valid. Point I is denied.

■ As their second point, Mr. and Mrs. Markway contend that each of the four insurance policies contains two inconsistent and ambiguous provisions. One provision, set forth above, states that State Farm will receive a setoff against uninsured motorist coverage benefits owed in the amount of workers' compensation benefits paid. The second provision which the Markways claim conflicts with the first is entitled "When coverage U does not apply," and states:

There is no coverage:

\* \* \* \* \* \*

4. To the extent it benefits:

a. any workers' compensation insurance company.

The Markways' point is unclear. The provisions of the insurance contract identified by Mr. and Mrs. Markway do not appear to conflict. Rather, the second identified provision appears to be an effort to preclude coverage when uninsured motorist benefits are sought from State Farm by a workers' compensation insurance carrier to offset benefits paid by it to the insured. No conflict between the clauses appearing, it is unnecessary that this court interpret the exact meaning of this provision. Point II is denied.

The judgment is affirmed.

All concur.