768 F.Supp. 272 (1991)
GULF INSURANCE COMPANY, Plaintiff,
v.
AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant.
No. 88-2257 C (2).
United States District Court, E.D. Missouri, E.D.
April 15, 1991.
John I. Schaberg, Roberts, Perryman & Bomkamp, St. Louis, Mo., for plaintiff.
James L. Homire, Jr., Homire, Mueller, Bippen, Hellwig & Councilor, St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
FILIPPINE, Chief Judge.
This matter is before the Court for a decision on the merits following trial to the Court. After consideration of the pleadings, the parties' joint stipulation of facts, the exhibits introduced at trial, and the applicable law, the Court adopts the following memorandum as its findings of fact *273 and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a).
This is an action for contribution as to uninsured motorist benefits paid to Holly Knox by plaintiff Gulf Insurance Company. On September 11, 1983, Holly Knox, a minor, was riding in a car owned and driven by her sister Gretchen Knox when the car was involved in a collision with an uninsured motorist, Charles D. Clifford. It is undisputed in this action that the collision was the result of the negligence of Clifford. Both Holly and Gretchen Knox, who was 18 at the time of the collision, lived at home with their father Russell A. Knox, Jr. Gretchen Knox was insured by plaintiff, policy number 3808161, and her policy had uninsured motorist coverage in the amount of $50,000.00 per occurrence. Russell A. Knox, Jr., insured his automobile with defendant American Family Mutual Insurance Company, policy number XX-XXXXXX-XX. His policy provided $100,000.00 in uninsured motorist coverage per person per occurrence.
On November 8, 1985, plaintiff settled with Holly Knox for $45,000.00, and Russell A. Knox, Jr., as next friend for his daughter Holly Knox, signed a release from liability as to plaintiff. Approximately one year prior to settlement, plaintiff made a demand on defendant for contribution and put defendant on notice of its claim. In response to the demand from plaintiff, defendant refused to contribute on the ground that Holly Knox was excluded from coverage under its policy. At issue before the Court is whether the exclusion is valid under Missouri law and whether plaintiff is entitled to contribution from defendant.
The policy issued to Russell A. Knox, Jr., by plaintiff defines a relative as "a person living in your household, related to you by blood, marriage or adoption.... It excludes any person who, or whose spouse, owns a car." The policy further states that an "[i]nsured person ... means ... [y]ou or a relative." By these definitions Holly Knox was clearly a relative insured by the policy. The uninsured motorist portion of Russell A. Knox, Jr.'s American Family policy, however, contained the following exclusion:
This coverage does not apply to bodily injury to a person:
1. While occupying, or when struck by, a motor vehicle that is not insured under this Part, if it is owned by you or any resident of your household.
Holly Knox was occupying an automobile owned by her sister, a resident of the same household. Thus, a literal interpretation of this policy exclusion would require a finding that defendant had no liability to Holly Knox. Such a conclusion, however, is not consistent with the policy of the Missouri Uninsured Motorist Statute, Mo.Rev.Stat. § 379.203 (1986).
The State of Missouri has mandated that all automobile policies issued to vehicles owned in the state contain uninsured motorist insurance. The courts have held that this coverage may not be diminished, even by agreement of the parties. Cameron Mut. Ins. Co. v. Madden, 533 S.W.2d 538 (Mo.1976) (en banc). Thus, a person who is a named insured on more than one policy cannot be excluded from stacking the uninsured motorist coverage in those policies. Shepherd v. American States Ins. Co., 671 S.W.2d 777 (Mo.1984) (en banc); Cameron, 533 S.W.2d 538. Under the rationale that the Missouri Supreme Court used in deciding Cameron and Shepherd, the exclusion in this case would not be enforceable if Russell A. Knox, Jr., had been the passenger in Gretchen Knox's car. To exclude uninsured motorist coverage to the named insured solely because he was occupying a vehicle owned by a resident of his household would be contrary to "[t]he objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts [and those expectations] will be honored even though painstaking study of the policy provisions would have negated those expectations." Linderer v. Royal Globe Ins. Co., 597 S.W.2d 656, 661 (Mo.Ct. App.1980). Thus, the Court finds that Missouri law would require that, had he been a passenger in the car with his daughter Gretchen, Russell A. Knox, Jr., would be *274 entitled to recover under the uninsured motorist provision of his American Family Insurance policy.
The Missouri courts have also held that if a parent has more than one insured vehicle, a minor child living with the parent cannot be prevented from stacking the uninsured motorist protection by a policy exclusion. Husch v. Nationwide Mut. Fire Ins. Co., 772 S.W.2d 692 (Mo.Ct.App.1989). The rationale of the court in Husch was that: "When purchasing uninsured motorist coverage, policyholders are primarily concerned with protecting themselves, their spouses, and their minor children, i.e. the natural family unit. Minor children are unable to insure themselves and thus provide financial protection against disabling injuries." 772 S.W.2d at 694. Applying this analysis to the case at bar, Holly Knox is entitled to the same coverage as her father, unless she is excluded under another provision of the policy.
The policy issued by defendant covers the named insured and any relative. As noted above, relative is defined to exclude persons who own their own cars. Policies which limit the availability of uninsured motorist coverage to relatives residing in the insured's home if that relative owns his or her own motor vehicle have been upheld. Adams v. Julius, 719 S.W.2d 94 (Mo.Ct. App.1986); Famuliner v. Farmers Ins. Co., 619 S.W.2d 894 (Mo.Ct.App.1981).[1] Thus, if Holly Knox, like her sister, had owned her own car, then she would not be entitled to recover under the policies issued to any car belonging to her father in which she was not riding. Holly Knox, however, did not own her own car and this exclusion does not apply to her.
For the foregoing reasons, the Court finds that the American Family policy issued by defendant to Russell A. Knox, Jr., clearly provides uninsured motorist protection for Holly Knox while an occupant of her sister's car. Holly Knox would therefore be entitled to stack the uninsured motorist provisions of her father's American Family policy and her sister's Gulf Insurance policy. This, however, is not a stacking case. In this case, plaintiff settled with Holly Knox for less than the limit of either policy and is seeking contribution from defendant. In a situation where more than one policy provides uninsured motorist protection, contribution is available between the insurers. State Farm Mut. Auto. Ins. Co. v. MFA Mut. Ins. Co., 671 S.W.2d 276 (Mo.1984) (en banc).
In State Farm v. MFA the Missouri Supreme Court stated that: "An uninsured motorist carrier suing another for contribution must first show that it has obtained a release which discharges the defendant carrier from liability." 671 S.W.2d at 279. That court then remanded the action for a determination of whether there had been a release. In the case at bar, the release is as to Gulf Insurance without any mention of a release as to defendant American Family. Furthermore, the settlement of a suit in the Circuit Court of the City of St. Louis, Missouri, against Gretchen Knox, the uninsured motorist, plaintiff and defendant was dismissed with prejudice only as to Gretchen Knox and plaintiff. The remainder of the suit was later dismissed for failure to prosecute.
Defendant asserts that plaintiff has not obtained a release discharging it from liability and, therefore, is not entitled to contribution. In response, plaintiff argues that it attempted to involve defendant in the settlement but was unsuccessful. Thus, plaintiff concludes that it was impeded from seeking the discharge of defendant by defendant's own actions. The Court agrees. Defendant was not discharged from liability as part of the settlement between plaintiff and Holly Knox because defendant refused to admit any liability. Denying contribution on this ground would mean that by refusing to acknowledge its liability an insurance company could avoid contribution in situations where its policy *275 provided coverage. Such a result would not only run counter to the policy supporting settlement but, in this case, would be in conflict with the underlying policy of the Missouri uninsured motorist protection laws. Furthermore, as in all cases of contribution, if Holly Knox later receives a judgment from defendant, the settlement in this case will be a setoff to that later judgment. Mo.Rev.Stat. § 537.060 (1986). Thus, although the language of State Farm v. MFA is in terms of a mandatory release of the defendant, the Court finds that, in this case, defendant has waived that requirement by its actions.
Finally, the Court notes that defendant has not challenged the reasonableness of the settlement entered into between plaintiff and Holly Knox. A review of the evidence shows that Holly Knox sustained facial abrasions and a transverse comminuted fracture of the mid-shaft of the left femur. Her injuries required hospitalization for four and a half weeks, and she was in a cast for an additional eight weeks. Holly Knox's medical expenses resulting from this injury amounted to $9,077.23. The settlement of $45,000.00 for these injuries is reasonable under the circumstances.
In conclusion, the Court finds that at the time of the accident Holly Knox was covered by the uninsured motorist provision of the insurance policy issued by defendant to her father, and the exclusion in the policy issued by defendant is void as against public policy to the extent it would deny coverage to Holly Knox. The Court further finds that plaintiff is entitled to contribution from defendant even though plaintiff did not obtain a discharge of liability as to defendant and that a pro rata contribution is reasonable. The policy plaintiff issued to Gretchen Knox contained a limit of $50,000.00 in uninsured motorist coverage per occurrence, and the policy defendant issued to Russell A. Knox, Jr., provided $100,000.00 in uninsured motorist coverage per person per occurrence. Therefore, plaintiff is entitled to recover two-thirds, $30,000.00, of the settlement from defendant. Midwest Mut. Ins. Co. v. Aetna Cas. & Sur. Co., 565 S.W.2d 711 (Mo.Ct.App.1978).
NOTES
[1] The courts have also not allowed stacking for occupancy insureds, persons who are covered because they are in a car are not entitled to stack all the policies maintained by the owner of the car. Hines v. Government Employees Ins. Co., 656 S.W.2d 262 (Mo.1983) (en banc). In the case at bar, recovery is not being sought from defendant on the basis of occupancy.