**GULF INSURANCE COMPANY,
Appellee,**

v.

**AMERICAN FAMILY MUTUAL
INSURANCE CO.,
Appellant.**

No. 91–2670.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 7, 1992.

Decided April 27, 1992.

James L. Homire, Jr., St. Louis, Mo., argued, for appellant.

John Irvin Schaberg, St. Louis, Mo., argued, for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

American Family Mutual Insurance Company appeals from the district court's[1] judgment holding it liable for contribution to Gulf Insurance Company for amounts it paid to settle the claim of Holly Knox. *Gulf Ins. Co. v. American Family Mut. Ins. Co.*, 768 F.Supp. 272 (E.D.Mo.1991). An uninsured driver negligently injured Holly Knox in a car wreck, and she was covered by two uninsured motorist insurance policies written by Gulf and American Family, respectively. Gulf settled Holly Knox's claim against it, but because American Family refused to participate in the settlement, Gulf did not include American Family in the release from liability exe-

cuted as part of the settlement. Gulf then sued American Family for contribution. American Family argued that it could not be liable for contribution under *State Farm Mutual Automobile Insurance Company v. MFA Mutual Insurance Co.*, 671 S.W.2d 276 (Mo.1984) (en banc), because under that case a settling uninsured motorist carrier cannot obtain contribution from other such carriers unless those other carriers have been released from liability to the insured person. After a bench trial, the district court entered judgment for Gulf. We affirm.

The district court's decision was grounded in the policies inherent in the Missouri uninsured motorist laws. The uninsured motorist laws were interpreted in *State Farm*, in which the Missouri court held that a nonsettling uninsured motorist carrier would not necessarily be entitled to an independent determination of its liability to the insured before being held liable for contribution to a settling carrier. 671 S.W.2d at 279. In arriving at this conclusion the Missouri court cited the difficulties "faced by accident victims in negotiating with several carriers." *Id.* The court stated: "Settlements are favored in the law and we opt for a solution which encourages the insurers to work together in trying to achieve settlement." *Id.*

The district court stated that American Family "was not discharged from liability as part of the settlement between [Gulf] and Holly Knox because [American Family] refused to admit any liability." 768 F.Supp. at 274. The district court then held that policy considerations of Missouri uninsured motorist law prevented American Family from benefiting from its recalcitrance:

Denying contribution on this ground would mean that by refusing to acknowledge its liability an insurance company could avoid contribution in situations where its policy provided coverage. Such a result would not only run counter to the policy supporting settlement but,

---

1. The Honorable Edward L. Filippine, Chief United States District Judge for the Eastern District of Missouri.

in this case, would be in conflict with the underlying policy of the Missouri uninsured motorist protection laws. Furthermore, as in all cases of contribution, if Holly Knox later receives a judgment from defendant, the settlement in this case will be a setoff to that later judgment. Mo.Rev.Stat. § 537.060 (1986). Thus, although the language of *State Farm v. MFA* is in terms of a mandatory release of the defendant, the Court finds that, in this case, defendant has waived that requirement by its actions.

768 F.Supp. at 274–75.

We review the district court's interpretation of Missouri law de novo, giving it no deference, *Salve Regina College v. Russell,* —— U.S. ——, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991). Our review of the pivotal *State Farm* decision persuades us that the district court did not err in holding that American Family waived the requirements of a release in this contribution action and in holding American Family liable under Missouri law.[2]

We affirm the decision of the district court.

**2.** This determination, of course, answers American Family's second argument, that the district court failed to apply Missouri law to the case at all.