Troy Gene NUCKOLLS, Appellant,

and

Laura Lee Jones, Intervenor,

v.

MID–CENTURY INSURANCE
CO., Respondent.

No. 18027.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 14, 1992.

Abe R. Paul, Rhoades, Paul and Paul,
Pineville, for appellant.

Laurence H. Flanigan, Flanigan,
McCanse & Lasley, Carthage, for respondent.

PARRISH, Chief Judge.

This is an appeal of a summary judgment that was awarded to Mid–Century Insurance Co. (Mid–Century) in an action that sought recovery on an automobile liability insurance policy in which Laura Lee Jones was the insured and Mid–Century was the insurer. Troy Gene Nuckolls, a passenger who sustained injuries when Ms. Jones' automobile was involved in a collision with another vehicle, brought the action. Ms. Jones intervened. The trial court, in granting summary judgment, dismissed the petition with prejudice as to both Mr. Nuckolls and Ms. Jones. This court affirms.

Ms. Jones was a resident of Oklahoma. She owned a 1980 Chevrolet automobile that was insured by Mid–Century. Her automobile was registered in Oklahoma. The policy of insurance issued by Mid–Century provided liability coverage but did not provide uninsured motorist coverage. Ms. Jones exercised her right to decline uninsured motorist coverage by rejecting that coverage, in writing, at the time she acquired automobile liability insurance as permitted by Oklahoma law.[1] She executed a form that advised her that Oklahoma law required policies of automobile liability insurance to provide uninsured motorist coverage unless otherwise agreed to by the parties to the insurance contract. The form that Ms. Jones signed acknowledged that she was provided the opportunity to purchase uninsured motorist coverage and that the coverage was explained to her. The form stated, "I reject Uninsured Motorist Coverage in its entirety."

Ms. Jones' automobile was involved in a collision with another vehicle, a 1985 Dodge owned by Mary Lou Roark, a Missouri resident. The collision occurred on October 3, 1990, in McDonald County, Missouri.

1. *See* Okla.Stat. tit. 36, § 3636.F (1989).

Ms. Jones and Ms. Roark were driving their respective automobiles at the time of the collision. Mr. Nuckolls was a passenger in Ms. Jones' vehicle. The collision occurred as a result of the negligence of Ms. Roark. Her automobile was traveling northerly on Missouri Route 43. It crossed the centerline of the roadway and struck Ms. Jones' vehicle that was traveling in a southerly direction on Missouri Route 43. Mary Lou Roark had no automobile liability insurance.

Ms. Jones' insurance policy contained an "out of state coverage" provision that stated:

> An **insured person** may become subject to the financial responsibility law, compulsory insurance law or similar law of another **state** or in Canada. This can happen because of the ownership, maintenance or use of **your insured car** when you travel outside of Oklahoma. We will interpret this policy to provide any broader coverage required by those laws, except to the extent that other liability insurance applies. No person may collect more than once for the same elements of loss.

Mr. Nuckolls contends that this provision required that Ms. Jones' insurance policy be construed as including uninsured motorist coverage when the automobile for which it provided liability coverage was operated in Missouri. He bases that claim upon that part of § 379.203.1[2] that states:

> No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery **in this state** with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. (Emphasis added.)

The trial court, in entering summary judgment for Mid–Century, made written

Findings of Fact and Conclusions of Law. Its findings and conclusions included:

> Section 379.203 V.A.M.S. does mandate that automobile liability insurance subject to that section must include uninsured motorist coverage "in not less than the limits for bodily injury or death set forth in Section 303.030, RSMo., for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom * * *." The Court finds Section 379.203 V.A.M.S. applies to policies delivered or issued for delivery in Missouri insuring Missouri motor vehicles registered or principally garaged in Missouri and therefore *does not apply to defendant's policy* delivered in Oklahoma on the Oklahoma registered vehicle and insuring plaintiff Jones, an Oklahoma resident.

And, with respect to Mr. Nuckolls' contention that the "out of state coverage" provision in the policy issued by Mid–Century applied so as to require the policy to be construed as including uninsured motorist coverage when Ms. Jones' automobile was operated in Missouri, the trial court determined:

> By said clause, defendant agreed that when plaintiff Jones drove into Missouri and became subject to the Missouri Financial Responsibility Law, her policy would then be interpreted "to provide any broader coverage required by those laws. * * *." Defendant has conceded this construction of its policy and admits that in Missouri the Jones policy would thus provide the *public liability insurance* in the minimum limits mandated by Section 303.190, subsections 1 and 2. The Court finds Jones' policy so certified by defendant to the State of Missouri as covering her vehicle with public liability insurance with such limits would be accepted by Missouri as proof of her financial responsibility as a nonresident, Section 303.180, V.A.M.S.

**2.** References to statutes are to RSMo 1986.

Mr. Nuckolls' first point on appeal asserts that the trial court erred in granting Mid–Century's motion for summary judgment because the terms of the insurance policy in question "and as a result of the Missouri Financial Responsibility Law" afforded uninsured motorist coverage "in the minimum statutory amount of $25,000.00" by reason that Ms. Jones operated her automobile in the State of Missouri.

There are two issues to be considered in addressing the first point. Is Missouri's uninsured motorist law a compulsory insurance law? Do the terms of the insurance policy in question, under the facts of this case, provide uninsured motorist coverage when the automobile was operated in Missouri?

In contending that Missouri's uninsured motorist law is a compulsory insurance law, Mr. Nuckolls has attempted to intertwine requirements for financial responsibility set forth in the Motor Vehicle Safety Responsibility Law, §§ 303.010—.370, with Missouri's requirements regarding uninsured motorist coverage set forth in § 379.-203. He has cited no cases, however, that have construed those statutes together to achieve the result he seeks. This court, in its research, has found no such cases.

Taking the language in the applicable statutes in its "plain or ordinary and usual sense," § 1.090, this court finds no intertwinement between the financial responsibility required by the Motor Vehicle Safety Responsibility Act and the statute that requires uninsured motorist coverage "with respect to any motor vehicle registered or principally garaged in this state." § 379.-203.1.

As is pointed out by Mid–Century's brief, the Motor Vehicle Financial Responsibility Act has been declared "for all practical purposes, a compulsory insurance law." *Halpin v. American Family Mut. Ins. Co.,* 823 S.W.2d 479, 481 (Mo. banc 1992). The act prescribes that an owner of an automobile may meet the requirements for financial responsibility by maintaining a policy of automobile liability insurance with limits of $25,000 per person and $50,000 per occurrence for personal injury or death

and $10,000 for property damage or destruction. § 303.030.5. Uninsured motorist coverage is not addressed in *Halpin* nor in the Motor Vehicle Financial Responsibility Act.

Uninsured motorist coverage is addressed in § 379.203. Section 379.203 imposes a requirement on automobile liability policies of insurance "delivered or issued for delivery" in Missouri "with respect to any motor vehicle registered or principally garaged" in Missouri. § 379.203.1. Such policies of automobile liability insurance are required to provide uninsured motorist coverage, i.e., coverage "for the protection of persons ... who are legally entitled to recover damages from owners or operators of uninsured motor vehicles." *Id.* The amount of uninsured motorist coverage to be provided by those subject to § 379.203 is "not less than the limits for bodily injury or death set forth in section 303.030." *Id.*

Ms. Jones' automobile was registered in the State of Oklahoma. She was a resident of that state. She does not contend that her automobile was principally garaged elsewhere.

The provision in the policy of insurance issued by Mid–Century relating to "out of state coverage" is applicable to provide "broader coverage" to the covered automobile when operated in another state if the insured becomes "subject to the financial responsibility law, compulsory insurance law or similar law" of another state. The language of the policy provision is plain. "A general rule of construction is that language of an insurance contract is to be given its ordinary and plain meaning." *Walters v. State Farm Mut. Auto. Ins. Co.,* 793 S.W.2d 217, 219 (Mo.App.1990). The trial court did not err in holding that the provision of § 379.203 did not apply to Ms. Jones' policy of automobile liability insurance that was "delivered in Oklahoma on the Oklahoma registered vehicle and insuring [Ms.] Jones, an Oklahoma resident."

■ Missouri's uninsured motorist law is not a compulsory insurance law insofar as that term is used in Ms. Jones' automobile liability insurance policy. The terms of the

insurance policy in question, under the facts of this case, did not provide uninsured motorist coverage for the insured automobile when it was operated in Missouri. The first point is denied.

■ For his second point on appeal, Mr. Nuckolls contends that the trial court erred in granting summary judgment for Mid-Century because the "out of state coverage" provision in the insurance policy "is ambiguous as to an uninsured motorist claim." He contends, therefore, that the "out of state coverage" provision in Ms. Jones' policy of automobile liability insurance should have been interpreted as providing coverage for the injuries he contends he sustained. He urges this court, as he urged the trial court, to find that the inclusion of the "out of state coverage" in Ms. Jones' policy of insurance created an ambiguity. That clause is included in Part I of the policy, the section that contains provisions applicable to liability coverage. Mr. Nuckolls contends that the court should hold that "the clause is also applicable to the next section of [Jones'] policy 'Part II—Uninsured Motorist' " (which coverage Ms. Jones had not purchased).

The trial court held:

> The Court rejects such a construction and finds the disputed clause unambiguous and clearly confined in its operation to that section of the policy where it is physically located—"Part I—Liability". To construe the policy as plaintiffs contend would change the unambiguous terms of defendant's policy, do violence to the rules of construction of contracts, and would provide coverage which plaintiff Jones expressly rejected and for which she had paid no premium, just because the automobile crossed the state line from Oklahoma into Missouri where the accident happened. The Missouri cases do not support such a construction of the policy: *State Farm Mut. Auto. Ins. Co. v. MFA Mut. Ins.,* [ ( ]Sup.Ct., banc 1984), 671 S.W.[2d] 276; *South v. American Interinsurance Exchange,* Ct.App. WD October 27, 1987, 743 S.W.2d 421; *Markway v. State Farm Ins. Co., Inc.* (Ct.App. WD December 18, 1990), 799 S.W.2d 146.

"Ambiguity arises in an insurance policy when there is duplicity, indistinctness or uncertainty of meaning." *Walters v. State Farm Mut. Auto. Ins. Co., supra.* The language of the insurance policy in question is plain. It is neither duplicitous, indistinct or uncertain. The trial court's finding that "the disputed clause [was] unambiguous and clearly confined in its operation to that section of the policy where it is physically located—'Part I—Liability' " is not erroneous. The second point is denied. The summary judgment is affirmed.

CROW, P.J., and SHRUM, J., concur.

