**In the Matter of the ESTATE of Irene Savage VAN CLEAVE.**

**No. 60573.**

Supreme Court of Missouri, En Banc.

Dec. 18, 1978.

Carroll J. Donohue, Alan B. Hoffman, St. Louis, for appellants.

John D. Ashcroft, Atty. Gen., Bruce Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

FINCH, Judge.

J. Wallace Van Cleave and Elizabeth V. Van Cleave (petitioners) filed a petition in the probate court wherein they sought a decree that they had been equitably adopted by Irene Savage Van Cleave (decedent), and that as a result they were entitled to be treated as "legally adopted" children of decedent for purposes of determining inheritance tax under § 145.060.1(1), RSMo 1969,[1] on property inherited from decedent. The probate court denied that petition. Petitioners appealed to the circuit court where the Department of Revenue, represented by the Attorney General, entered its appearance as respondent. The circuit court affirmed the decision of the probate court and this appeal followed. We reverse and remand with directions.

---

1. The rate of tax under § 145.060.1(1) is 1%. Under § 145.060.1(5), contended by the respondent to be the applicable section, the rate is 5%.

Decedent was the stepmother of petitioners, having married their father Brenton Van Cleave when they were small children. Mr. and Mrs. Van Cleave had no children of their own and at her death Mrs. Van Cleave left all of her residuary estate to petitioners. In addition, an inter vivos trust which she had created provided that upon the death of decedent and her husband the principal of the trust should be distributed to petitioners. In the administration of decedent's estate a question arose as to the rate of inheritance tax due the State of Missouri on sums to be received under the residuary clause of the will and under the inter vivos trust. The petition herein then was filed.

In its order disposing of the petition filed by petitioners, the probate court did not decide the question of whether petitioners had or had not been equitably adopted. The probate court concluded that it need not reach or decide whether they were entitled to a decree of equitable adoption because it was the probate court's view that they would be taxed under § 145.060.1(5) rather than § 145.060.1(1) even if they had been equitably adopted.

The probate court should have decided the question of whether petitioners were entitled to a decree of equitable adoption. Only if the court concluded that they were would it reach the second issue of whether as equitably adopted children the petitioners were entitled to have inheritance tax due from them determined under § 145.-060.1(1).

As presented to us in its present posture, this appeal seeks from us an advisory opinion as to whether petitioners, if subsequently adjudicated to have been equitably adopted, are entitled to have their tax determined at the 1% rate fixed in § 145.-060.1(1). We cannot and do not render advisory opinions. *State ex inf. Danforth v. Cason*, 507 S.W.2d 405 (Mo. banc 1973).

We reverse and remand to the circuit court with directions that it reverse the order of the probate court and remand the case with directions that the probate court adjudicate the question of whether petitioners are entitled to their requested decree of equitable adoption.

All concur.