**Carl R. BRIDGES, Plaintiff–Respondent,**

v.

**Marlene WHITE, Defendant–Appellant.**

No. 27716.

Missouri Court of Appeals,
Southern District,
Division One.

May 23, 2007.

Thomas E. Klinginsmith, Carthage, for Appellant.

James B. Fleischaker, Joplin, for Respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

On May 20, 1998, Mary I. Walker executed a General Durable Power of Attorney in which she appointed Marlene (Everts) White ("Appellant") as her attorney-in-fact. The General Durable Power of Attorney Ms. Walker gave to Appellant recites in relevant part:

> Know all persons by these presents, that I, Mary I. Walker, of 3435 Oak Ridge Drive, Joplin, Missouri, have made, constituted and appointed, and by these presents do make, constitute and appoint [Appellant], Route 1, Box 3, La-Russell, Missouri 64848 my true and lawful attorney-in-fact, for me and in my name, place and stead to exercise general powers in a fiduciary capacity on my behalf with respect to all lawful subjects and purposes.
>
> This Durable Power of Attorney is hereby constituted as a Durable Power of Attorney with general powers in reliance upon and in accordance with the provisions of the Durable Power of Attorney Law of Missouri, Section 404.700 RSMo, et seq., and particularly in accordance with Section 404.710 RSMo. A true correct and complete copy of Section 404.710 RSMo[ ] is hereto attached,

made a part hereof and incorporated herein by reference as fully as though set out at this point verbatim.[1]

I hereby give and grant to my said attorney-in-fact full power and authority to do and perform all and every act and thing whatsoever necessary to be done in the premises herein granted, as fully to all intents and purposes as I might or could do if personally present and personally acting, and I hereby ratify and confirm all that my said attorney-in-fact may do pursuant to this power.

Subsequent to designating Appellant as her attorney-in-fact, Ms. Walker purchased two certificates of deposit ("CDs") naming Carl R. Bridges ("Respondent") as the beneficiary with payable-on-death designations. One CD was purchased on January 23, 2001, from Firstar Bank, now U.S. Bank, N.A. ("U.S. Bank"), for $15,023.09. The second was purchased on March 29, 2002, from U.S. Bank in the amount of $25,000. Appellant closed both of these accounts on January 6, 2003, in her capacity as Ms. Walker's attorney-in-fact. She deposited the funds from these accounts, totaling $40,188.07, into an existing money market account she shared with Ms. Walker as a joint tenant with right of survivorship.

Ms. Walker passed away on February 14, 2003. Almost two years later, Respondent filed suit against Appellant and U.S. Bank,[2] to impose a constructive trust on the proceeds from the two CDs. In his petition, Respondent averred he was entitled to such proceeds as:

the power of attorney did not expressly grant power to [Appellant] to change the designation of beneficiaries to receive any property on [Ms. Walker's] death, [Appellant] was not authorized to remove [Respondent's] name from the certificate[s] or to dispose of the proceeds in any manner which failed to include a provision making the proceeds payable to [Respondent] upon the death of [Ms. Walker].

Respondent subsequently filed a Motion for Summary Judgment on that basis. In response to the motion, Appellant claimed that she became aware of the significant influence Respondent exercised over Ms. Walker. Appellant asserted that Ms. Walker was also concerned about the manner in which Respondent was behaving and that she did not want him to be privy to any further information related to her finances. In addition, Appellant stated:

F. That prior to the change of Certificates of Deposit, Mary I. Walker reached a state of health wherein she could no longer care for herself and was dependent upon others in order to meet her daily needs for food, shelter, and healthcare; that Mary I. Walker ultimately moved into the home of [Appellant] in order for [Appellant] to provide such care for Mary I. Walker.

G. That in addition to the additional needs that Mary I. Walker had it was also necessary for [Appellant] to provide twenty-four hour day care for her and to take Mary I. Walker for appointments.

. . . .

J. That [Appellant] was justified in altering the accounts in her fiduciary capacity, in order, at the date of alteration, to have sufficient assets with which to care for Mary I. Walker in an anticipated situation where Mary I. Walker

1. The version of § 404.710 attached to the power of attorney was actually an outdated version. We shall address the amended version in this opinion. All references to statutes are to RSMo 2000, unless otherwise specified.

2. Respondent's claim against U.S. Bank was dismissed with prejudice on February 17, 2006.

would be requiring extended care; the establishment of such funds was necessary for the anticipated future care of Mary I. Walker.

Appellant detailed in her affidavit that Ms. Walker's deteriorating physical and mental condition finally caused Appellant to speak to an officer at U.S. Bank about altering the accounts in anticipation that Ms. Walker would need assets to pay for extended health care. Appellant claimed the bank officer told her she had an "absolute right to make such a change."

Following the submission of affidavits, memoranda of law, and oral argument, the trial court entered summary judgment in favor of Respondent. This appeal follows. In her one point on appeal, Appellant claims the trial court erred in granting Respondent's Motion for Summary Judgment in that the affidavits, pleadings, and documents presented a material issue of fact and law related to the authorization, justification, and fiduciary duty of an attorney-in-fact to change pay-on-death account designations and transfer funds into a joint tenancy account held by the principal and attorney-in-fact.

■■■ A movant seeking summary judgment must demonstrate "on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law." *ITT Commercial Finance v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). In appeals from summary judgments, this Court will review the record in the light most favorable to the party against whom the judgment was entered. *Id.* Because the trial court's decision is founded on the record submitted by the parties and the law, this Court does not defer to the trial court's decision. *Id.* The standard for testing the propriety of summary judgment is the same standard as that which should have been employed by the trial court to determine whether to sustain the motion. *Deer Run Property Owners Ass'n v. Bedell*, 52 S.W.3d 14, 16 (Mo.App. S.D.2001). Summary judgment "is the undisputed right to judgment as a matter of law; not simply the absence of a fact question." *ITT Commercial*, 854 S.W.2d at 380.

Respondent relied upon § 404.710.6 to contend that, absent an express authority to create or change a survivorship interests in her principal's property or change the designation of beneficiaries, Appellant had no authority to deposit the proceeds from the CDs into a different account. Section 404.710.6 provides in pertinent part:

> Any power of attorney, whether durable or not durable, and whether or not it grants general powers for all subjects and purposes or with respect to express subjects or purposes, shall be construed to grant power or authority to an attorney in fact to carry out any of the actions described in this subsection if the actions are expressly enumerated and authorized in the power of attorney. Any power of attorney may grant power of authority to an attorney in fact to carry out any of the following actions if the actions are expressly authorized in the power of attorney:
>
> . . . .
>
> (5) To create or change survivorship interests in the principal's property or in property in which the principal may have an interest; provided, however, that the inclusion of the authority set out in this paragraph shall not be necessary in order to grant to an attorney in fact acting under a power of attorney granting general powers with respect to all lawful subjects and purposes the authority to withdraw funds or other property from any account, contract or other similar arrangement held in the names of the principal and one or more other

persons with any financial institution, brokerage company or other depository to the same extent that the principal would be authorized to do if the principal were present, not disabled or incapacitated, and seeking to act in the principal's own behalf;

(6) To designate or change the designation of beneficiaries to receive any property, benefit or contract right on the principal's death;

Section 404.710.6(5)-(6). Appellant's power of attorney did not contain an express provision allowing the attorney-in-fact to create or change a survivorship interest or designate and/or change the beneficiary.

A consideration of § 461.035 provides further guidelines for us in this matter:

1. An attorney in fact ... *may not make, revoke or change a beneficiary designation unless the document establishing the agent's right to act,* or a court order, *expressly authorizes* such action and such action complies with the terms of the governing instrument, the rules of the transferring entity and applicable law.

2. *This section shall not prohibit the authorized withdrawal,* sale, pledge or other present transfer of the property *by an attorney in fact,* ... *notwithstanding the fact that the effect of the transaction may be to extinguish a beneficiary's right* to receive a transfer of the property at the death of the owner.

Section 461.035 (emphasis added).

As noted, § 404.710.6(5) does allow the attorney-in-fact to withdraw funds from the CDs and Respondent admits that § 461.035.2 authorizes the attorney-in-fact to withdraw, sell, pledge or transfer property notwithstanding the fact that the effect of the transaction may be to extinguish a beneficiary's right to receive a transfer of property at the death of the owner. Respondent contends, however,

such authority limits the attorney-in-fact to utilize the principal's funds for legitimate purposes regardless of the consequences to the beneficiaries. He further admits that if Appellant had cashed the CDs in question and used the proceeds for the support of Ms. Walker, it would have been a defense for Appellant's actions. Respondent argues that Appellant's actions constituted making a gift to herself because she placed the funds in the joint account rather than an account in the principal's name.

Respondent also correctly notes that an attorney-in-fact is clearly prohibited from commingling the principal's funds with her own. Section 404.712.1 provides:

An attorney in fact acting for the principal under a power of attorney shall clearly indicate his capacity and shall keep the principal's property and accounts separate and distinct from all other property and accounts in a manner to identify the property and accounts clearly as belonging to the principal.

If an attorney-in-fact deposits proceeds from a sale into a joint bank account in which the attorney-in-fact had a right of survivorship, it is a gift to himself. *See In the Estate of Dollie Marie Herbert,* 152 S.W.3d 340, 352–54 (Mo.App. W.D.2004).

We agree that a fiduciary under a power of attorney may not create a gift to himself by depositing funds into a joint account; however, the salient question before us is whether Appellant had the right to initially withdraw the funds. Thus, we have engaged in a two-part analysis. Keeping in mind that this was a summary judgment, and not a trial on the merits, we find that the court erred in finding as a matter of law that Appellant did not have the right to withdraw the funds from the two CDs on the basis that there was no written authorization within the power of attorney to do so. The critical second question of the analysis—for what purpose were the

funds withdrawn—was not ripe for a summary judgment.

We believe Appellant appropriately rebutted the summary judgment motion by contending that she withdrew the funds for an appropriate purpose. The trial court had before it facts that the decedent executed a durable power of attorney, created an interest in CDs in Respondent, and that Appellant withdrew the funds from the CDs and deposited them in a joint account. Appellant and Respondent then made competing claims as to the reason for the withdrawal of the funds.

Specifically, Appellant contended that Ms. Walker was no longer able to care for herself and was dependent upon others to meet her daily needs for food, shelter, and healthcare; that Ms. Walker moved into the home of Appellant in order for Appellant to provide such care; and that Appellant provided twenty-four hour per day care. She contended that she altered the accounts in her fiduciary capacity to have sufficient assets to care for Ms. Walker. We find that Appellant had the authority to withdraw the funds from the CDs for the care of Ms. Walker. If Appellant was authorized to withdraw the funds, her allegations that the withdrawals were necessary for the care of Ms. Walker were sufficient to create a question of fact on that issue.

The trial court erred in granting summary judgment on the basis that Appellant did not have the right to withdraw the funds from the CDs. An issue of fact remains whether the funds were withdrawn for the benefit of Ms. Walker. We reverse the grant of summary judgment and remand for further proceedings.

PARRISH, J., and LYNCH, J., concur.