**David ADAMS, Landon Adams b/n/f David Adams, and La Crysta Adams b/n/f David Adams, Plaintiffs–Appellants,**

v.

**Timothy KING d/b/a T.K. Stucco, Defendant,**

and

**Shelter Mutual Insurance Co., Defendant–Respondent.**

**No. SD 28783.**

Missouri Court of Appeals, Southern District, Division Two.

Nov. 26, 2008.

Motion for Rehearing or Transfer to Denied Dec. 18, 2008.

Application for Transfer Denied Feb. 24, 2009.

E. Ryan Bradley, St. Louis, for Appellants.

Samuel P. Spain, Poplar Bluff, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

David Adams and his two children ("Appellants") brought this action against their own motor vehicle insurance company, Shelter Mutual Insurance Company ("Shelter"), after David's wife, La Jena, and his two children were involved in an accident with Timothy King, a motorist from Louisiana. Mrs. Adams died in the accident and the children were injured. Appellants alleged that Mr. King's truck crossed the center line and hit Appellants' vehicle head-on. The damages sustained

by Appellants were stipulated to be in excess of $225,000.

Appellants had three policies issued by Shelter, all of which contained uninsured motorist coverage. The combined uninsured limits of the three policies were $100,000 per person and $200,000 per occurrence. At the time of the accident, Mr. King was a resident of Louisiana. His truck was registered, licensed, and principally garaged in Louisiana. The truck was covered by a policy with USAA Casualty Insurance Company ("USAA"). The policy was issued and delivered in Louisiana. The policy stated that it provides bodily injury liability coverage to Mr. King in the amount of $10,000 per person and $20,000 per occurrence. In addition, the policy had a provision, which read:

OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, **your** policy will provide at least the minimum amounts and types of coverages *required by law.* However, no one will be entitled to duplicate payments for the same elements of loss. (Italics added.)

Appellants filed suit against their own insurer, Shelter, under the policy's uninsured motorist provision. Appellants contended that Mr. King was an uninsured motorist because he did not have the financial responsibility minimum insurance required by law in Missouri. Shelter countered that Mr. King was not an uninsured motorist because although his insurance company, USAA, provided limits of $10,000 per person and $20,000 per occurrence, USAA offered to pay the minimum of the Missouri financial responsibility insur-

ance.[1] The trial court granted summary judgment to Shelter, finding that Mr. King was not the operator of an uninsured motor vehicle because USAA's policy provided liability coverage in the minimum amounts set forth in Missouri's financial responsibility law.

■■■ Summary judgment is proper "where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law." *ITT Commercial Finance v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). When reviewing appeals from summary judgments, this Court will review the record in the light most favorable to the party against whom the judgment was entered. *Id.* Because the trial court's decision is founded on the record submitted and the law, this Court's review is *de novo. Id.* The standard used by this Court to test the propriety of summary judgment is the same standard as that which should have been used by the trial court to determine whether to sustain the motion. *Bridges v. White,* 223 S.W.3d 195, 198 (Mo.App. S.D. 2007). Summary judgment "is the undisputed right to judgment as a matter of law; not simply the absence of a fact question." *ITT Commercial,* 854 S.W.2d at 380.

■■■ Under Missouri law, an out-of-state motorist is deemed to be uninsured if the bodily injury liability limits of his insurance policy are below the statutory minimums required by section 303.030.5. *Ragsdale v. Armstrong,* 916 S.W.2d 783, 784–85 (Mo. banc 1996); *Cook v. Pedigo,* 714 S.W.2d 949, 950–52 (Mo.App. E.D. 1986). In *Cook,* the insured defendant car-

---

1. We note here that USAA did not certify Mr. King's policy to the State of Missouri as covering his vehicle with public liability insurance with Missouri financial responsibility pursuant to section 303.180; USAA simply sent a letter to Appellant's attorney. All references to statutes are to RSMo 2000, unless otherwise specified.

ried insurance of only $10,000 per person and $20,000 per accident. *Id.* at 950. The plaintiff tried to collect under the uninsured motorist provision of the plaintiff's own insurance policy. *Id.* The plaintiff's insurance company argued that because the insured defendant had an insurance policy, he was an underinsured motorist, not an uninsured motorist. *Id.* The *Cook* court held that because the insured defendant's policy provided less than the amounts required under section 303.030.5, he was an uninsured motorist and his motor vehicle was an uninsured motor vehicle for purposes of Missouri's uninsured protection statute, section 379.203.1. *Id.* at 952.

■ Shelter contends that because USAA volunteered to pay out benefits equal to the amount required by Missouri's financial responsibility law, Mr. King's vehicle was not uninsured and Appellants were not entitled to uninsured motorist benefits from their own carrier. Appellants' counter that, by the plain language of Mr. King's policy, USAA would pay at least the minimum amounts *required by law*. Appellants argue that there is no law, Missouri or otherwise, that increases a Missouri non-resident's minimum liability coverage to that required of Missouri residents. Therefore, that provision, Part IV(d), of Appellants' policy regarding uninsured motorist coverage, should not have excluded Mr. King's vehicle from being considered as an uninsured motor vehicle and Appellants should have been permitted to collect uninsured motorist coverage under their policies with Shelter.

The language of Mr. King's policy clearly states that the coverage that will be provided is any coverage required by law. Shelter does not argue that there is any Louisiana law that requires Mr. King to have coverage above the $10,000 per person/ $20,000 per occurrence liability coverage, which he had with his policy. We look to Missouri statutes to determine whether there is Missouri law which requires Mr. King, a Louisiana resident, to have the minimum financial responsibility limits. Section 303.030.5 provides the financial responsibility limits. It states:

No such policy ... shall be effective under this section unless issued by an insurance company or surety company authorized to do business in this state, except that if such motor vehicle was not registered in this state, or was a motor vehicle which was registered elsewhere than in this state ... provided, however, every such policy or bond is subject, if the accident has resulted in bodily injury or death, to a limit, exclusive of interest and costs, of not less than twenty-five thousand dollars because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, to a limit of not less than fifty thousand dollars because of bodily injury to or death of two or more persons in any one accident[.]

Section 303.025.1 provides:

No owner of a motor vehicle registered in this state or required to be registered in this state, shall operate, register or maintain registration of a motor vehicle, or permit another person to operate such vehicle, unless the owner maintains the financial responsibility which conforms to the requirements of the laws of this state.

The plain language of section 303.025.1 indicates that only vehicles registered in Missouri or required to be registered in Missouri are subject to the minimum financial responsibility requirements of section 303.030.5. Mr. King's vehicle is not registered, nor is it required to be registered, in Missouri.

Further, section 379.203.1 provides, in part,

No automobile liability insurance covering liability arising out of the ownership,

maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, ... in not less than the limits for bodily injury or death set forth in section 303.030, RSMo, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.

In *Nuckolls v. Mid–Century Insurance Co.*, 838 S.W.2d 179, 180 (Mo.App. S.D. 1992), an Oklahoma resident had an Oklahoma liability policy which did not include uninsured motorist coverage. The policy contained an "out of state coverage" provision as follows:

An **insured person** may become subject to the financial responsibility law, compulsory insurance law or similar law of another **state** or in Canada.... We will interpret this policy to provide any broader coverage required by those laws, except to the extent that other liability insurance applies. No person may collect more than once for the same elements of loss.

*Id.* at 180.

A passenger, who sustained injuries while riding in the Oklahoma driver's automobile, was involved in an accident with a Missouri driver. *Id.* at 179–80. The Missouri driver had no automobile liability insurance. *Id.* The Oklahoma policy holder and the passenger sued the Oklahoma insurer claiming that the out of state coverage provision required that the Oklahoma insurance policy be construed as including uninsured motorist coverage because section 379.203 mandated uninsured motorist coverage. *Id.* at 180. This Court held that section 379.203 applies only to policies delivered or issued for delivery in Missouri insuring Missouri motor vehicles registered or principally garaged in Missouri. *Id.* We specifically found that the Missouri statute did not apply to a policy delivered in Oklahoma on an Oklahoma registered vehicle and insuring an Oklahoma resident.

Likewise, Mr. King's insurance policy was not delivered, nor authorized to be delivered, in Missouri. Therefore, section 379.203 does not apply to Mr. King's vehicle. Mr. King's vehicle was not registered nor principally garaged in Missouri. Section 303.030.5, therefore, does not apply to Mr. King's vehicle or policy. There is no Missouri law that required Mr. King to have liability insurance of $25,000 per person and $50,000 per accident. By the policy language, USAA was not obligated by any law to pay the financial responsibility minimums of Missouri in the amount of $25,000 per person and $50,000 per accident. The fact that USAA offered to pay the statutory minimum in Missouri does not override the language of the policy.[2] We also do not address Appellants' second point regarding the stacking of the three policies because the trial court has not made any decision regarding that issue.

The trial court's order granting summary judgment to Shelter is reversed and remanded to the trial court to determine that issue.

PARRISH, J., BURRELL, P.J., concur.

---

2. In holding this, we note this is a suit between the insured and their insurer under the uninsured motorist provision of the policy. We do need not address the issue of whether the policy was ambiguous and provided coverage to the out-of-state insured.