David ADAMS, Landon Adams b/n/f David Adams, and La Crysta Adams b/n/f David Adams, Plaintiffs–Respondents,

v.

Timothy KING d/b/a T.K. Stucco, Defendant,

and

Shelter Mutual Insurance Co., Defendant–Appellant.

No. SD 30106.

Missouri Court of Appeals, Southern District, Division Two.

May 18, 2010.

---

7. *See ITT,* 854 S.W.2d at 376.

Samuel P. Spain, Spain, Miller & Spain, LLC, Poplar Bluff, for Appellant.

E. Ryan Bradley, Clayton, for Respondents.

PAUL MCGHEE, Senior Judge.

On November 11, 2005, Mrs. La Jena Adams was driving her Buick automobile south on U.S. Highway 63 in Thayer, Missouri, with her two minor children, Landon and La Crysta Adams, as passengers. Mr. Timothy King (King) was driving his Dodge pickup truck north on the highway and the two vehicles collided. Mrs. Adams died as a result of the collision, and the children were injured.

Mr. David Adams filed suit against King for the wrongful death of his wife and on behalf of his children (collectively Plaintiffs) for their injuries. Their petition alleges that the collision was caused by the negligence of King, including an allegation that he was driving on the wrong side of the highway. King denies that he was negligent, and the issue of his liability has not been resolved as the claims against him remain pending in the trial court.

Plaintiffs joined Shelter Mutual Insurance Company (Shelter) as a defendant to recover $200,000 under the uninsured motorists provisions in three Shelter insurance policies on three vehicles owned by the Adams family. The Shelter policies provide that "we will pay damages for bodily injury sustained by an insured which that insured, or that insured's legal representative, is legally entitled to recover from the owner or operator of an uninsured motor vehicle." The first count against Shelter in the initial petition is for breach of contract, in which Plaintiffs pray for judgment against Shelter for $200,000. The next count against Shelter is for vexatious refusal to pay, and the last count against Shelter is for a declaratory judgment that Plaintiffs are entitled to uninsured motorists benefits under all three Shelter policies.

At the time of the collision, King, then a resident of Louisiana, had a policy issued and delivered in Louisiana by USAA Casualty Insurance Company (USAA) on his pickup truck which was registered, licensed, and principally garaged in Louisiana. It was not registered in Missouri, nor was it required to be registered in Missouri. The policy provides bodily injury liability coverage of $10,000 per person and $20,000 per occurrence. It also provides that if an auto accident occurs outside of Louisiana, the policy "will provide at least the minimum amounts and types of coverage *required by law.*" (Emphasis added). USAA sent a letter to Plaintiffs' attorney stating that it was obligated to increase the policy limits to $25,000 per person and $50,000 per occurrence, and offered to pay $50,000 under its policy. The trial court entered summary judgment finding that King was not an operator of an uninsured motor vehicle because his USAA policy provided liability coverage in the minimum amounts required by Missouri law.

Plaintiffs appealed, and this court reversed the judgment upon determining that no Missouri law required King to have liability insurance of $25,000 per person and $50,000 per accident. *See Adams v.*

*King and Shelter Mut. Ins. Co.*, 275 S.W.3d 324, 328 (Mo.App.2008). This court also determined that, by its policy language, USAA was not obligated by any law to pay the Missouri statutory minimums, and the fact that USAA offered to pay the Missouri minimums did not override the language of the policy. *Id.* The case established that under the Shelter policies, King was operating an uninsured motor vehicle. *Id.*

Following remand, on April 15, 2009, the trial court entered summary judgment on Count VII of the initial petition for a declaratory judgment. The judgment declared that "Plaintiffs are entitled to uninsured motorist benefits from Defendant Shelter in the amount of $200,000." The judgment was interlocutory as it did not mention the breach of contract count or the vexatious refusal count that remained pending against Shelter. The court did not expressly declare, under Rule 74.01(b), that there was no just reason for delay in entering the judgment. Shelter did not appeal from this judgment.

On May 18, 2009, Plaintiffs filed a motion for leave to file an amended petition, and they filed the amended petition with leave on June 19, 2009. As to Shelter, the amended petition contains Count VII for breach of contract and Count VIII for vexatious refusal. The amended petition does not contain a count for declaratory judgment.

Plaintiffs and Shelter submitted on stipulated facts Plaintiffs' claim against Shelter for breach of contract. They stipulated that the combined limits of the uninsured motorist coverage in the three Shelter policies were $100,000 per person and $200,000 per occurrence. They also stipulated that the combined damages of Plaintiffs exceeded $225,000, and that USAA continued to offer $50,000 in settlement of all claims against King. The stipulation does not address the liability of King, and Shelter does not concede that he is liable.

The trial court entered summary judgment on June 19, 2009, finding that Plaintiffs were entitled to judgment against Shelter for $200,000 on Plaintiffs' breach of contract claim. This judgment does not mention the April 15, 2009, judgment. However, the docket entry for the filing of the June 19, 2009, judgment includes this: "(A prior judgment was filed on April 15, 2009. Each judgment mentions an award amount. There is only one monetary award against Shelter)." Plaintiffs later dismissed the vexatious refusal count without prejudice. Pursuant to Rule 74.01(b), the trial court entered an order on September 18, 2009, finding that no issues remained between Plaintiffs and Shelter, and that there was no just reason for delay of an appeal from the last judgment.

Shelter appeals from this breach of contract judgment, contending that the trial court erred in entering judgment for $200,000 because the three Shelter policies may be stacked only in the amounts of the minimum requirements of the Motor Vehicle Financial Responsibility Law of $25,000 per person and $50,000 per occurrence. It argues that stacking the three Shelter policies should result in a total of $150,000 less the $50,000 offer from USAA, leaving Plaintiffs entitled to recover only $100,000 from Shelter.[1] Shelter asks this court to reverse and remand the case to the trial court for entry of a judgment for Plaintiffs in the amount of $100,000. In the alternative, Shelter asks for remand for entry of a

---

1. Although Shelter states in its brief that the "money is on the table" from USAA and that all Plaintiffs have to do is accept the offer, there is nothing in the record before us showing that the offer is irrevocable.

judgment for Plaintiffs in the amount of $130,000, that being the result of subtracting from $150,000 the coverage per occurrence of $20,000 in King's policy before the additional coverage offered by USAA.

Shelter also claims that it "is entitled to credit for the amount of Plaintiffs' recovery from the tortfeasor's liability insurance," although USAA had not paid Plaintiffs. The Shelter policies provide in their uninsured motorists coverage that any amount paid or payable by Shelter will be reduced by any amount paid or payable for the same damages to or for an insured, by or for any person who is legally liable, or may be held legally liable, for bodily injury to its insured. Section 379.203.4, RSMo 2000, concerning uninsured motorist coverage, provides:

> In the event of payment to any person under the coverage required by this section, and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made. . . .

Plaintiffs maintain that they are entitled to the full amount of $200,000 without any credit for King's coverage. They also contend that the April 15, 2009, declaratory judgment was a final judgment binding upon the parties, leaving no issues for this court to consider.

■ Rule 81.01 [2] provides that the right of appeal in civil cases shall be as provided by law. Section 512.020, RSMo· Cum. Supp.2008, authorizes an appeal only from a final judgment, with certain exceptions not applicable in this case. *Gibson v.*

*Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997). The statute further provides that a failure to appeal from any action or decision of the court before final judgment does not prejudice the right of the party failing to appeal to have the action of the trial court reviewed on appeal from the final judgment. It does not authorize an appeal from the interlocutory judgment entered on April 15, 2009. The lack of an appeal from that judgment does not preclude us from considering the issues in this appeal.

■ The determination by the trial court under Rule 74.01(b) that the June 19, 2009, judgment is final and appealable is not conclusive. This court must *sua sponte* determine its authority in the appeal from this judgment, as it is a prerequisite to appellate review that there be a final judgment. *Gibson, supra.* If the trial court judgment is not final, the appeal must be dismissed. *Id.* Notwithstanding the trial court's certification of the judgment under Rule 74.01(b), any opinion by this court on the issues in this appeal would be an advisory opinion.

■ An opinion that is based on a hypothetical is an advisory opinion which courts are barred from issuing. *Bush v. Director of Revenue,* 139 S.W.3d 610, 611 (Mo.App. 2004); *American Family Mut. Ins. Co. v. Nigl,* 123 S.W.3d 297, 300 (Mo.App.2003). "We cannot and do not render advisory opinions." *In the Matter of the Estate of Van Cleave,* 574 S.W.2d 375, 376 (Mo. banc 1978). "[W]e deem it unwise to abandon our long-established practice of refusing to render advisory opinions upon the request of party litigants." *International Telephone and Telegraph Corp. v. Smith,* 687 S.W.2d 194, 195 (Mo. banc 1985). This court also refuses to render advisory opin-

---

**2.** Missouri Court Rules (2009).

ions. *Gattermeir–Elliott Real Estate Co., LLC v. K.H., Inc.,* 184 S.W.3d 188, 191 (Mo.App.2006).

Resolution of the issues presented in this appeal depends on unsettled issues, including whether King is legally liable for Plaintiffs' damages; whether USAA will maintain its offer to pay Plaintiffs $50,000 for the release of King; whether Plaintiffs will accept the offer; and whether Plaintiffs will receive proceeds of any settlement or judgment from King or an organization legally responsible for the damages other than USAA. We will not issue an advisory opinion. The appeal is dismissed without prejudice.

LYNCH, P.J., and RAHMEYER, J., concur.