**David ADAMS, Landon Adams, b/n/f David Adams, and LA Crysta Adams, b/n/f David Adams, Plaintiffs–Respondents,**

v.

**Timothy KING d/b/a T.K. Stucco, Defendant,**

and

**Shelter Mutual Insurance Co., Defendant–Appellant.**

No. SD 30898.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 9, 2011.

Motion for Rehearing or Transfer
Denied Nov. 30, 2011.

Application for Transfer
Denied Jan. 31, 2012.

Samuel P. Spain, Poplar Bluff, for Appellant.

E. Ryan Bradley, Clayton, for Respondents.

NANCY STEFFEN RAHMEYER, Judge.

This is the third appeal from a dispute between the victims of an automobile accident, David, Landon, and La Crysta Adams (collectively "Victims"), and the Victims' insurance carrier, Shelter Mutual Insurance Co. ("Appellant Insurance Carrier"), over the uninsured motorist coverage in Victims' policies. In the first appeal, we found that under Appellant Insurance Carrier's policies, the tortfeasor was operating an uninsured motor vehicle and we reversed the summary judgment the trial court had granted to Appellant Insurance Carrier. *Adams v. King,* 275 S.W.3d 324, 327–328 (Mo.App. S.D.2008). In the second appeal by Appellant Insurance Carrier, where the trial court entered summary judgment on the petition for declaratory judgment by declaring that the plaintiffs were entitled to uninsured motorist benefits from the defendant insurance company in the amount of $200,000, we reiterated our finding that under Missouri law the tortfeasor was operating an uninsured motor vehicle, but remanded because a breach of contract count and a vexatious refusal count remained pending against Appellant Insurance Carrier. *Adams v. King,* 312 S.W.3d 432, 434–36 (Mo.App. S.D. 2010). Appellant Insurance Carrier's first point in this appeal asks that we revisit that determination that the tort-

feasor was operating an uninsured motor vehicle. We decline to do so and find the law of the case doctrine dispositive.

■■■ The law of the case doctrine provides "that a previous holding in a case constitutes the law of the case and precludes relitigation of that issue on remand and subsequent appeal." *Rodriguez v. Suzuki Motor Corp.*, 996 S.W.2d 47, 61 (Mo. banc 1999). "[T]he decision of a court is the law of the case for all points presented and decided, as well as for matters that arose prior to the first adjudication and might have been raised but were not." *Shahan v. Shahan*, 988 S.W.2d 529, 533 (Mo. banc 1999). We find that the issue of whether the tortfeasor was operating an uninsured motor vehicle was previously resolved in *Adams v. King*, 275 S.W.3d 324 (Mo.App. S.D.2008). Point I is denied.

■■■ In its second point, Appellant Insurance Carrier claims error in the stacking of the insurance policies for a total of combined limits of the three polices of $200,000, and further error in not allowing a credit for the payment by the tortfeasor. We find no error and deny the second point.

■■■ " 'The interpretation of an insurance policy is a question of law that this Court determines *de novo*.' " *Jones v. Mid–Century Ins. Co.*, 287 S.W.3d 687, 690 (Mo. banc 2009) (quoting *Seeck v. Geico Gen. Ins. Co.*, 212 S.W.3d 129, 132 (Mo. banc 2007)). As this Court's review is *de novo*, if the trial court's judgment can be sustained on any ground as a matter of law, even if different than the one posited in the order granting summary judgment, it should be affirmed. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 387–88 (Mo. banc 1993). The parties in this case have stipulated to the facts, therefore, the only question before this Court is "whether the trial

court drew the proper legal conclusion from the facts." *Perry State Bank v. Farmers Alliance Mut. Ins. Co.*, 953 S.W.2d 155, 157 (Mo.App. W.D.1997). "Whether an insurance policy is ambiguous or unambiguous is a question of law." *Id.* In construing the terms of an insurance policy, this Court applies the meaning that would be attached by an ordinary person of average understanding when purchasing insurance and resolves ambiguities in the insured's favor. *Jones*, 287 S.W.3d at 690 (citing *Seeck*, 212 S.W.3d at 132 and *Martin v. United States Fid. & Guar. Co.*, 996 S.W.2d 506, 508 (Mo. banc 1999)).

■ In the instant case, Appellant Insurance Carrier issued three policies to Victims: two polices were for $25,000 per person /$50,000 per occurrence and the third was for $50,000 per person/$100,000 per occurrence. Victims' damages were determined to be $10,150,000. The law is clear that "Missouri requires the stacking of uninsured motorist coverages where the insured has multiple policies." ˙*Ragsdale v. Armstrong*, 916 S.W.2d 783, 785 (Mo. banc 1996) (citing *First Nat. Ins. Co. of America v. Clark*, 899 S.W.2d 520, 522 (Mo. banc 1995), *Cameron Mutual Ins. Co. v. Madden*, 533 S.W.2d 538, 544–45 (Mo. banc 1976), and *Krombach v. Mayflower Ins. Co.*, 827 S.W.2d 208, 212 (Mo. banc 1992)). The contracts, then, called for coverage in the amount of $200,000.00 per occurrence. Appellant Insurance Carrier argues that, according to *Ragsdale*, there is a cap on the stacking of the policies to the statutory minimum. *Ragsdale* does not stand for that proposition. There was no majority in the rationale for the ultimate award of damages but, more importantly, the court was interpreting the language of the policy before it. Appellant Insurance Carrier has the burden of demonstrating error and neither contends that the language in its policies provides for a

cap on the stacking of them, nor cites any language in its policies that it claims constituted such a limitation.

■ Missouri requires the presence of uninsured motorist coverage in the minimum amount of $25,000 per person/$50,000 per occurrence but allows citizens to purchase coverage above that minimum. Section 379.203.1.[1] "While § 379.203 dictates the minimum requirements for uninsured motorist coverage in motor vehicle liability policies, the parties to an insurance contract are always free to implement policies which exceed the statutory requirements." *Ezell v. Columbia Ins. Comp.*, 942 S.W.2d 913, 919 (Mo. App. S.D.1996). "So long as policy provisions meet the minimum requirements of the law and do not conflict with it, the parties remain free to create the insurance contract of their choice." *Id.* (citing *Omaha Indemnity Co. v. Pall, Inc.*, 817 S.W.2d 491, 498 (Mo.App. E.D.1991)). Appellant Insurance Carrier has failed to demonstrate that the trial court erred in stacking the policies to the amount of $200,000.00.

■ Appellant Insurance Carrier next argues that there should have been a "set-off" for an amount paid by the tortfeasor's out-of-state insurance company. The trial court ruled that the language of the three polices that provided for a reduction of the amount paid for uninsured motorist benefits by the amount paid for "the same damages" by the tortfeasor's insurer was ambiguous. " 'An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy [and] [l]anguage is ambiguous if it is reasonably open to different constructions.' " *Seeck*, 212 S.W.3d at 132 (quoting *Gulf Ins. Co. v. Noble Broadcast*, 936 S.W.2d 810, 814 (Mo. banc 1997)). Ambig-

uous policy language must be construed against the insurer. *Id.* The trial court noted that the word " 'damages' under Missouri law could mean past medical bills, future medical bills, lost wages, loss of consortium, pain and suffering or even punitive damages," and cited to *Wolfe v. Harms*, 413 S.W.2d 204, 218 (Mo.1967), as highlighting the differences in these categories of damages. *Wolfe* discussed "special damages" as being separate and distinct from other damages, such as pain and suffering, loss of income, etc. *Id.* The damages were well in excess of $200,000.00. In fact, the medical bills alone were well over $200,000.00. The trial court did not err in finding the phrase "the same damages" ambiguous. Point II is denied.

The judgment is affirmed.

BURRELL, P.J., LYNCH, J., concur.

---

1.  All references to statutes are to RSMo 2000, unless otherwise specified.