**STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPA-
NY, Appellant,**

v.

**Clyde ARDREY and Helen
Ardrey, Respondents.**

**No. ED 95936.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 29, 2011.

Scott C. Harper, Aaron I. Mandel, Clayton, MO, for appellant.

John G. Simon, Rachel L. Roman, St. Louis, MO, for respondents.

LAWRENCE E. MOONEY, Judge.

An out-of-state driver carried insurance in an amount less than Missouri's statutory minimum limits, but his policy required that those limits would increase to meet Missouri's requirements. The party injured in an accident caused by the out-of-state driver settled with that driver for an amount equal to those increased limits. The trial court nevertheless concluded that the out-of-state driver was an uninsured motorist and therefore entered judgment in favor of the injured party and her husband and against their insurer for their full uninsured motor-vehicle policy limits. We hold that the driver was not an uninsured motorist and therefore reverse the trial court's judgment.

### Factual Background

Helen Ardrey was involved in a motor-vehicle accident with Dennis Brooks. Mrs. Ardrey was driving southbound on Missouri Route 19 in Ralls County when Mr. Brooks, who was driving northbound, crossed the center line into the southbound lanes and collided with her. Mrs. Ardrey was injured as a result of the collision. The Ardreys' claims for damages exceed the sum of $75,000.

Mrs. Ardrey settled with Mr. Brooks. At the time of the collision, Mr. Brooks was a resident of the state of Iowa and his vehicle was covered by a policy of insurance issued to him in Iowa by Progressive Insurance. The policy provided liability coverage in the amount of $20,000 per person and $40,000 per accident. Pursuant to the out-of-state provision in that policy, Progressive offered to pay, and

Mrs. Ardrey accepted, $25,000—the minimum limit under Missouri's Financial Responsibility Act—in settlement of Mrs. Ardrey's claims against Mr. Brooks.

The Ardreys also sought to recover the full policy limits of their own uninsured motor vehicle policies. At the time of the collision, Mrs. Ardrey and her husband possessed two policies of insurance issued to them by State Farm. Each policy contained uninsured motorist coverage in the amount of $25,000 per person and $50,000 per accident. The Ardreys contended Mr. Brooks was an uninsured motorist because his policy provided liability limits in an amount less than the minimum limit set forth in Missouri's financial responsibility laws, and because Mr. Brooks was not required by Missouri law to have the financial-responsibility minimums of Missouri, nor was his insurance company obligated by any law to pay those minimums.

State Farm refused payment. The company contended that Mr. Brooks was not an uninsured motorist because although his insurance policy only provided coverage in the amount of $20,000 per person and $40,000 per accident, the policy had an out-of-state coverage provision that called for the limits of liability to increase to the minimum limits required under the financial responsibility laws of another state if an accident took place in that state and the limits of that state were higher. And pursuant to this out-of-state provision, Progressive offered to pay, and Mrs. Ardrey accepted, $25,000, the minimum of the Missouri financial responsibility law.

The Ardreys and State Farm each filed declaratory-judgment actions to determine their rights and liabilities under the two uninsured motor-vehicle coverage provisions. The matter was submitted to the trial court on a stipulated record. The

trial court, citing to *Adams v. King*,[1] declared that Mr. Brooks was an uninsured motorist, as that term is defined in the State Farm policies and by Missouri law. Accordingly, the court entered judgment in favor of the Ardreys, and against State Farm, in the amount of $50,000, the stacked limits of uninsured motorist coverage available under the two policies. State Farm appeals.

### Standard of Review

■ In a case such as this, tried to the trial court on stipulated facts, "the only question before this Court is whether the trial court drew the proper legal conclusions from the facts stipulated." *Missouri Prosecuting Attorneys v. Barton County*, 311 S.W.3d 737, 740 (Mo. banc 2010)(internal quotation omitted); *Schroeder v. Horack*, 592 S.W.2d 742, 744 (Mo. banc 1979).

### Discussion

■ The starting point in determining the rights and liabilities of the parties is the insurance contract. *Ragsdale v. Armstrong*, 916 S.W.2d 783, 784 (Mo. banc 1996). In its policies, State Farm states it will "pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle."[2] The policies define "uninsured motor vehicle" in relevant part as:

a land motor vehicle, the ownership, maintenance or use of which is ... insured ... for bodily injury liability at the time of the accident; but the limits

of liability are less than required by the financial responsibility act of the state where your car is principally garaged....[3]

Missouri's financial responsibility law sets the minimum coverage limits at $25,000 per person and $50,000 per accident. Sections 379.203.1 and 303.030.5; *Rice v. Shelter Mut. Ins. Co.*, 301 S.W.3d 43, 46 (Mo. banc 2009). Mr. Brooks's policy provided coverage in the lesser amounts of $20,000 per person and $40,000 per accident. But, in addition to these limits of liability, Mr. Brooks's policy also contained the following provision for out-of-state coverage:

If an accident to which this Part I applies occurs in any state ... other than the one in which a covered auto is principally garaged and the state ... has:

1. a financial responsibility or similar law requiring limits of liability for bodily injury or property damage higher than the limits shown on the declarations page, this policy will provide the higher limits; or

2. a compulsory insurance or similar law requiring a non-resident to maintain insurance whenever the non-resident uses an auto in that state ... this policy will provide the greater of:

   a. the required minimum amounts and types of coverage; or

   b. the limits of liability under this policy.[4]

Section 1 applies here, and the language of that particular provision is unambiguous.

---

1. *Adams v. King*, 275 S.W.3d 324 (Mo.App. S.D.2009).

2. Additionally, the policy requires that "[t]he bodily injury must be sustained by an insured and caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle." The parties stipulated that Mrs. Ardrey was injured as a result of the collision with Mr. Brooks.

3. The parties stipulated that the Ardreys' vehicles are principally garaged in Missouri.

4. The parties stipulated that at the time of the accident the vehicle driven by Mr. Brooks was principally garaged and registered in the State of Iowa.

The provision provides for an increase in coverage. Because the limits of liability in Mr. Brooks's policy increase to the amount set forth in Missouri's financial responsibility law, the limits of Mr. Brooks's policy are not less than Missouri's statutory limits, and therefore Mr. Brooks was not uninsured, as that term is defined in the State Farm policies. Accordingly, State Farm is not liable to the Ardreys for uninsured motorist benefits.

The trial court, in reaching the opposite conclusion, relied on the *Adams* case. Because of its distinct facts and policy provisions, we do not find the case apposite. In *Adams,* the Southern District held that an out-of-state motorist was an uninsured motorist where the limits of the motorist's policy were an amount less the Missouri's limits, even though the motorist's insurer offered to pay Missouri's statutory limit of $25,000. There is no indication that the injured parties accepted this offer. The out-of-state policy provision at issue in *Adams* stated that the insurer would provide "at least the minimum amounts and types of coverages required by law." In concluding that the out-of-state motorist was an uninsured motorist, the Southern District reasoned that Missouri had no laws requiring the motorist to have liability insurance equal to Missouri's statutory minimums. And thus by the policy language, the insurer was not obligated to pay those statutory minimums. *Adams v. King,* 275 S.W.3d 324, 326–28 (Mo.App. S.D.2008). In contrast here, Mr. Brooks's insurance company was obligated by the terms of its own policy to meet Missouri's minimums.

Our decision today comports with the well-established principles and purposes underlying uninsured motorist coverage. Missouri's uninsured motor vehicle statute, Section 379.203, was designed "to give persons insured by such coverage, when injured by an uninsured motorist, protection parallel to that which they would have had if they had been injured in an accident caused by a motor vehicle covered by the minimum liability requirements of the financial responsibility law." *Otto v. Farmers Ins. Co.,* 558 S.W.2d 713, 717 (Mo.App. 1977); *Rice,* 301 S.W.3d at 46. "The statute was designed to provide coverage to insureds who are injured by drivers of uninsured motor vehicles, not to provide liability insurance for the uninsured motorist." *Automobile Club Inter–Insurance Exchange, By and Through, Club Exchange Corp. v. Farmers Ins. Co., Inc.,* 646 S.W.2d 838, 840 (Mo.App. E.D.1982). The Ardreys have been afforded coverage equal to the minimum amount required by Missouri law.

In conclusion, the trial court erred in concluding that Mr. Brooks was an uninsured motorist. Accordingly, we reverse the trial court's judgment.

KATHIANNE KNAUP CRANE, P.J., and KENNETH M. ROMINES, J., concur.