Lisa White Hardwick, Judge
Rose Forsman and Anthony Burgess appeal from a summary judgment entered in favor of Empire Fire and Marine Insurance Company ("Empire"). They contend the circuit court erred in applying Kansas law to deny their claim under an automobile insurance policy. For reasons explained herein, we affirm.
STANDARD OF REVIEW
Appellate review of a summary judgment is essentially de novo.
*669 ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp. , 854 S.W.2d 371, 376 (Mo.banc 1993). We review the record in the light most favorable to the party against whom the judgment was entered. Id. Summary judgment is proper "where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law." Id.
FACTUAL AND PROCEDURAL HISTORY
In October 2014, Anthony Burgess rented a vehicle from Baron BMW in Merriam, Kansas, while his own vehicle was being repaired. Burgess signed a rental agreement which provided, in relevant part:
You agree to provide auto liability, collision, and comprehensive Insurance covering You, Us, and the Vehicle. Your insurance is primary. If You have no auto liability insurance in effect on the date of a loss, or if We are required by law to provide liability insurance, We will provide auto liability insurance ("the Policy") that is secondary to any other valid and collectible insurance whether primary, secondary, excess or contingent. The Policy provides bodily injury and property damage liability coverage with limits no higher than minimum levels prescribed by the state whose laws apply to the loss.
On October 14, 2014, Burgess was driving the rented vehicle in Jackson County, Missouri, when he hit a pedestrian, Rose Forsman. At the time of the accident, Burgess was insured by State Farm Mutual Automobile Insurance Company ("State Farm"). Baron BMW was insured by Empire.
On May 15, 2015, Empire denied Burgess liability coverage for the accident. Empire relied on the policy's contingent insurance clause as the basis for denying coverage:
Section II-LIABILITY COVERAGE
Part A-COVERAGE
3. CONTINGENT INSURANCE FOR "RENTEES"
This policy does not insure the "rentee" or any driver designated in a "rental agreement" if there is any other applicable automobile liability insurance or "self-insurance", whether primary, excess, or contingent, with limits of liability or retained limits at least equal to the limits provided by this policy. If the "rentee" and any driver designated in a "rental agreement" are not insured by any other applicable automobile liability insurance or "self-insurance", whether primary, excess, or contingent, or if the limits of such insurance or retained limits are less than the limits provided by this Coverage Form then:
a. Such person becomes an "insured" under this Coverage Form only for the amount by which the limits provided by this Coverage Form exceed the limits of all other insurance or "self-insurance", whether primary, excess or contingent; and
b. All other insurance or "self-insurance", whether primary, excess or contingent, shall be primary, and any insurance provided by this Coverage Form shall be excess over all other such insurance.
On February 11, 2016, Burgess and State Farm entered into a section 537.065[1] agreement with Forsman. The agreement provided that, in the event of any court judgment against Burgess, Forsman would not execute on Burgess's personal assets in exchange for all applicable policy limits that provided liability coverage to him. Burgess's State Farm policy prescribed *670 bodily injury limits of liability of $100,000 per person and $300,000 per accident. State Farm tendered its full policy limits for bodily injury to Forsman.
On April 12, 2016, Burgess and Forsman arbitrated Forsman's claim for damages. The arbitrator entered an award for $4,156,564.36 and post-award interest at 5% in favor of Forsman. Forsman filed an application to confirm the arbitration award, and the circuit court confirmed the award.
In June 2016, Forsman filed a petition for equitable garnishment against Empire and Burgess under section 379.200. Burgess filed an answer and cross-claims against Empire for bad faith and breach of contract. Empire filed a motion for summary judgment on the issue of whether its policy ("the Policy") provided coverage to Burgess. Empire argued that Burgess did not qualify as an "insured", citing to its "contingent rentee" provision that a rentee is not covered under the Policy if the rentee has minimum liability limits at least equal to the minimum liability limits provided by the Policy. Empire further argued that the provision is valid under Kansas law and Kansas law should be applied because Kansas had the most significant relationship to the Policy. In response, Burgess and Forsman filed suggestions in opposition to Empire's motion and a joint motion for summary judgment, arguing that the terms of the Policy require the application of Missouri law because the accident occurred in Missouri. Under Missouri law, the "contingent rentee" provision would be invalid and Empire would be required to provide liability coverage.
On July 3, 3017, the circuit court entered summary judgment in favor of Empire. The court found that Kansas law applied and that under Kansas law, the "contingent rentee" provision is valid. Thus, under the terms of the Policy, Burgess did not qualify as an "insured" and Empire was not required to provide liability coverage. Burgess and Forsman appeal.
ANALYSIS
In Point I, Burgess and Forsman contend the circuit court erred in granting summary judgment to Empire because it applied Kansas law to enforce Empire's "contingent rentee" provision. They argue the Policy has choice of law provisions that require the application of Missouri law. Both parties acknowledge that Missouri law prohibits any provision that would allow an insurer of a vehicle to deny coverage on the basis that another insurance company has provided coverage. O'Neal v. Argonaut Midwest Ins. Co. , 415 S.W.3d 720, 725-26 (Mo.App.2013).
Appellants rely on two policy provisions that purportedly relate to choice of law. First, on the declarations page, the Policy sets forth the limits of liability insurance for bodily injury by referencing "EMO935." EM0935 is an endorsement which lists all 50 states and their corresponding liability limits for each state. The endorsement provides that "[t]he Limits of Insurance scheduled above by state are applicable to any covered auto while that covered auto is being operated in that state."
Appellants cite to State Farm Mut. Auto. Ins. Co. v. Esswein , 43 S.W.3d 833 (Mo.App.2000) in support of its argument that the quoted language in EMO935 is a choice-of-law provision. In Esswein , the insured rented a vehicle in Missouri and had an accident while driving in Ohio. Id. at 835-36. The vehicle was covered by an insurance policy which provided that: "The liability coverage limit of insurance applicable to the schedule above is the minimum financial responsibility limit established by the financial responsibility law or other applicable statute ("statutory limits") of the state or other jurisdiction in which *671 the covered 'auto' is being used." Id. at 837. In discussing which state's liability limits governed the accident the court found that, per the quoted language of the insurance policy, the liability limits of the state in which the accident occurred-in this case Ohio-applied. Id. at 844, n. 3.
Contrary to Appellants contention, Esswein does not require us to apply Missouri law to determine the validity of the Policy's "contingent rentee" provision and ultimately, whether Burgess is entitled to liability coverage under the Policy. Rather, Esswein stands for the more limited proposition that, if a rentee is covered under the terms of an automobile liability insurance policy , and the policy provides that it will apply the minimum liability limits of the state in which the accident occurred, the court will apply the minimum limit of that state. In this case the parties appear to agree that, a rentee, when covered under the Policy , would be entitled to the liability amounts set forth in EM0935. However, the parties disagree as to whether Kansas or Missouri law applies to determine whether Empire is required to extend liability coverage. Esswein is not instructive on this issue.
Appellants next point to the Policy's out-of-state coverage as a choice-of-law provision that requires the court to apply Missouri law to determine the kind of coverage Empire is required to provide. The out-of-state coverage provision states: "While a covered 'auto' is used or operated in any other state or Canadian province we will provide at least the minimum amount and kind of coverage which is required in such cases under the laws of such jurisdiction[.]" Appellants contend this provision requires the court to apply Missouri law to determine the validity of the Policy's "contingent rentee" provision. We disagree.
The out-of-state coverage provision in this case is similar to the provision in Adams v. King , 275 S.W.3d 324 (Mo.App.2008). In Adams , the appellants brought an action against their own insurance company for uninsured motorist coverage following an accident in Missouri with King, a motorist from Louisiana. Id. at 325. Under Missouri law, an out-of-state motorist is deemed to be uninsured if the bodily injury liability limits of his insurance policy are below the minimum liability limits in Missouri. Id. at 326. The minimum liability limit of King's insurance policy was $10,000, and the minimum liability limit in Missouri was $25,000. Id. The appellants argued that because King's policy limits were lower than the minimum limits in Missouri, they were entitled to uninsured motorist coverage from their insurance company. Id.
Like the out-of-state coverage provision in this case, King's insurance policy included a provision which stated that the insurer would provide "at least the minimum amounts and types of coverages required by law." Id. at 326. The court, in determining whether King qualified as "uninsured," focused on what coverage King's insurance company was required to provide. Id. at 327. The court determined that the policy plainly stated that the coverage provided will be any coverage required by law and that there is no Missouri law which requires an out-of-state-vehicle, that is neither registered or principally garaged in Missouri, to comply with Missouri's financial responsibility laws. Id. Therefore, King's insurance company was not required by law to provide liability insurance in the amount of $25,000 and King qualified as an "uninsured" motorist for purposes of the appellants' claim. Id. at 328.
In this case, Appellants contend that the out-of-state-coverage provision requires the court to apply Missouri's financial responsibility laws to determine the type of coverage Empire is required to provide. The Policy's out-of-state coverage *672 provision plainly states that when a covered automobile is used in another state, the coverage provided will at least satisfy the coverage required in such cases under the laws of such jurisdiction. However, like the court pointed out in Adams , there is no Missouri law that requires nonresident owners of motor vehicles to maintain financial responsibility conforming to Missouri law. Id. Missouri law only requires that, to operate or permit another person to operate a vehicle in Missouri, a nonresident must maintain the level of financial responsibility required in the nonresident's state of residence. § 303.025.1.
The out-of-state coverage provision does not require Empire to provide the same level of coverage which is required on vehicles owned by residents of the state in which an accident occurs. Instead, it merely requires Empire to provide the level of coverage which is required "in such cases"-namely, in cases in which a vehicle is being operated outside the state of its owner's residence. In that category of cases, Missouri law does not require any additional coverage beyond what is required by the state of the vehicle owner's residence. The rental car Burgess operated in Missouri was registered and principally garaged in Kansas. Under the plain meaning of the Policy's out-of-state coverage provision, Empire is only required to provide the type of coverage required under Kansas law. Therefore, The Policy's out-of-state-coverage provision does not require the application of Missouri law to invalidate Empire's "contingent rentee" provision.
We conclude that neither provision of the Policy cited by Appellants demonstrates an effective choice of law. In the absence of a choice of law provision in the contract, Missouri courts rely on the Restatement (Second) of Conflict of Laws to determine the applicable law on contract claims. Adams v. One Park Place Investors, LLC , 315 S.W.3d 742, 745 (Mo.App.2010). Specifically, in determining choice of law issues relating to insurance contracts, Missouri has adopted sections 188 and 193. Accurso v. Amco Ins. Co. , 295 S.W.3d 548, 551 (Mo.App.2009). Section 188 provides that the "most significant relationship" determines the choice of law rules to follow. Id. at 552. Section 193 provides that "the principal location of the insured risk is given greater weight than any other single contact in determining the state of applicable law provided that the risk can be located in a particular state." Id. at 551 (citation omitted). Comment b to section 193 characterizes the principal location of the insured risk as "the state where it will be during at least the major portion of the insurance period" and provides further that, with respect to automobile liability policies, "it is where the vehicle will be garaged during most of the period." Id. at 551-52 (citation omitted).
In applying Missouri's choice of law rules, we find that section 193 resolves this case. See Accurso , 295 S.W.3d at 552. The principal location of the insured risk is Kansas because that is where the insured vehicle was garaged at Baron BMW during most of the Policy period. Accordingly, because Kansas is the principal location of risk, the circuit court did not err in finding that Kansas law governs this case.
Kansas law allows for the exclusion of liability coverage to persons renting an insured vehicle. See K.S.A. 40-3104(f) ; 40-3107(h)(1). The Policy plainly states that it does not insure a rentee if the rentee has automobile liability insurance with policy limits at least equal to the limits provided by the Policy. Such a provision is valid under Kansas law. Because Burgess had automobile liability insurance through State Farm with policy limits greater than that provided by the Policy, he was not covered by the Policy. Accordingly, *673 the circuit court properly granted summary judgment in favor of Empire. The point on appeal is denied.[2]
CONCLUSION
The circuit court's judgment is affirmed.
All Concur.

All statutory references are to the Revised Statutes of Missouri 2016.

In the argument section of its brief, Appellants also argued that that the "contingent rentee" provision renders the Policy illusory because it would never provide coverage to a rentee. Because Appellants did not raise this argument in their point relied on, we need not consider it. Jones v. Buck , 400 S.W.3d 911, 915 (Mo.App.2013).